## In re BEEDER'S ESTATE.—KEECH'S APPEAL.

| 10 | 261 |
| 170 | 329 |

A stranger cannot appeal from a decree of the Register granting letters of administration on the estate of one who has been dead more than twenty-one years. And an administrator, holding funds admitted to be due to such decedent, is a stranger.

FROM the Register's Court of Chester.

*April* 14. The Register having granted letters of administration of the estate of Mary Beeder; John and Nathan Rinehart, administrators of A. Rinehart, appealed to the Register's Court, averring that Mary Beeder died more than twenty-one years before the letters were granted.

Keech, the administrator, pleaded that the appellants were not interested, and that he had commenced suit against them for money belonging to the estate of Mary Beeder, and obtained an award.

The court, overruling this objection, received evidence as to the time of Mary Beeder's death, and it having occurred about fifty years before the letters were granted, revoked them.

*Lewis*, for appellants.—These persons are not parties in interest, who alone have a right to object, under the act of 1832; after pleading to the action, they cannot now object to the want of regularity in the plaintiff's title: 4 Raw. 1; 8 S. & R. 526; 1 Pa. 293; 4 Barr, 331. What interest have they? a recovery will protect them, and they are bound to pay to some one: 9 W. & S. 117.

*Darlington*, contrà.—The act declares that such letters are void, and Koch's Estate, 4 Raw. 271, shows that an administrator may appeal for one of the distributees.

*April* 19.   BELL, J.—That a mere stranger cannot be permitted to interfere with a subject judicially litigated, is a principle which must lie at the foundation of every well devised system of jurisprudence.   Though unnoted, it is of daily, silent operation, and indeed so obvious and familiar, as to require no aid from a formal annunciation.   It is, therefore, difficult to find an adjudication, distinctly asserting it, as the point of decision.   The cases in which it is incidentally recognised, as an admitted doctrine, are those where the question was, whether, in point of fact, an actor had any interest in the pending dispute; and whether, by waiving objection, the existence of an interest must be taken as conceded. Of the first of these classes, Koch's Estate, 4 R. 271, is an example.   It was there thought, administrators, as representing in some degree parties entitled to personal estate, were so far interested as to be competent to appeal, under the act of 1832, from a decree of the Orphans' Court, distributing among next of kin, a balance ascertained by the settlement of their administration account. "They are not," said the court, "strangers, but trustees for the parties beneficially interested."    Of the latter class, Kuhler *v.* Hoover, 4 Barr, 331, may be instanced.   In that case, it was distinctly agreed, that want of interest in a party initiating a proceeding in the Orphans' Court, furnished an objection sufficient to defeat it, if brought forward in time; though it was held that, under peculiar circumstances, submission · to the jurisdiction invoked, until after a decree made, precluded. one who ought to account for a trust-estate, from impeaching the right of the complainant to demand a settlement.

In accordance with the elementary principle, we have, in the instance before us, the express provision of the 25th section of the act of March, 1832, that, "Where objections are made to the granting of letters of administration to any person applying therefor, or where any question of kindred or other disputable and difficult matter comes into controversy, before any Register, he shall, *at the request of any person interested,* appoint a Register's Court for the decision thereof," &c.   This requirement of the intervention of an interested party, is but in harmony with the whole scope of the statute, regulating proceedings before Registers, and Registers' Courts; as may be seen by reference to its 7th section, which gives a citation from the Register to one having possession of a testamentary writing, "at · the instance of any person interested;" to the 9th, requiring the Register to issue foreign commissions to take depositions of witnesses, "on the

application of any person interested;" to the 13th, which directs the precept to the Court of Common Pleas, for the trial of disputed issues, " at the request of any person interested;" to the 28th, allowing exceptions to the sufficiency of bonds accepted by the Register, " by any person interested;" and to the 42d, allowing an appeal to this court, from the decrees of the Register's Court, by " any party aggrieved." These selected instances are but illustrations of the spirit of the act in this particular. It is sedulous to afford convenient remedy to those whose rights and property may in any way be affected by the conduct, private or official, of others; but it offers no pretence for the intrusion of strangers, who have nothing at stake in their own right, or as representatives. These can command no movement, nor authorize any action or appointment. Their attempt to do so must always be fruitless, where it is properly resisted by those whose position entitles them to be heard. In this, the statute but follows the example afforded by the practice of the English ecclesiastical courts. These allow none to *caveat*, or appeal, but those who can exhibit a pecuniary interest in the decedent's estate.

The letters of administration granted in this case by the Register to Keech, are *primâ facie* valid. They can only be successfully impeached, by showing some recognised matter of objection. Among these, is that given by the 21st section of the act, which prohibits the issuing of letters upon the estate of a decedent, after the expiration of twenty-one years from the day of his decease, except on the order of the Register's Court, upon due cause shown. But, after letters granted, the lapse of time must be shown by the objecting party, before a tribunal legally convoked. Now, as this can only be done at the instance of a party in interest, no mere stranger can place himself in a position, effectively to make the objection, upon proof of which the letters may be repealed. Admitting these letters were improvidently granted, what have John and Nathan Rinehart to do with that? They are mere stakeholders of the fund in question. They are legally and morally bound to answer to some one for it, and a recovery by the present administrator, will protect them from a repetition of the demand. They can ask no more. Nay, should the letters now granted be revoked, it will not necessarily abate the action brought against them. Such a result would be prevented by the 32d section of the act of 1834, should another administrator be appointed by the Register's Court. To procure this, it would be necessary only to show the interest of the decedent's estate

demanded it. In the event of a dispute as to the period of her death, I take it, that tribunal would hardly involve itself in a controverted question of fact, in which other parties may have a stake. The appellees have, therefore, not even such an interest in this grant of administration, as might arise from the prospect of putting an end to the suit in which they are defendants.

It follows, the Register's Court, from whose decree this appeal is taken, was irregularly appointed, on the request of those who had no business to intermeddle with the subject. This fact was brought officially to the notice of the court. If true, its effect was to interpose an insurmountable obstacle to the further progress of the investigation. For this cause alone, the court ought to have declined interference. To stop short of this would be, in a measure, to abrogate the statute in this point. If the action of a Register's Court, when once appointed, cannot be arrested upon such a suggestion as was made here, the preliminary question of interest must, in every instance, be definitively referred to the Register, an officer generally changed triennially, and therefore but seldom familiar with the duties of his office, or the principles that ought to dictate his decisions. This was never intended. Indeed, in every case, the interest of a party asking the appointment of a Register's Court, should be stated of record by the Register, so that the proper tribunal might, at least *primâ facie*, judge of its competency to proceed. The propriety of the Register's compliance, in appointing a Register's Court, is as open to inquiry as the legality of his decree granting letters of administration, and, where the former is brought into question, it is necessarily preliminary to the latter.

The averment of want of interest was here made to assume the form of a demurrer. The question was not made, but I incline to think it is rather in the nature of a plea to the jurisdiction, dependent on a distinct fact, first introduced by it. This error of form, however, presented no obstacle to the correct action of the court. It is enough the fact was asserted of record, to lead to an inquiry of its truth. This being established, the appointment of the Register should have been disallowed, and the appeal from his decree dismissed.

> Decree of the Register's Court, revoking the said letters of administration granted to the said John Keech, is reversed; and the record remitted for further proceedings.