[18112.   Department Two.—April 3, 1893.]

IN THE MATTER OF THE ESTATE OF ISRAEL SANBORN, DECEASED.   J. R. CLAYES, APPELLANT, *v.* P. M. PEYTON, RESPONDENT.

WILL—CONTEST OF PROBATE—RIGHTS OF PUBLIC ADMINISTRATOR—CONSTRUCTION OF CODE.—A public administrator, as such, is not a "person interested" in an estate or in the probate of a will, within the meaning of sections 1307–1312 of the Code of Civil Procedure, which allows a "person interested" to contest the probate of a will; and such administrator has no right to make such contest.

APPEAL from an order of the Superior Court of San Joaquin County admitting a will to probate and granting letters testamentary to an executor therein named, and from an order denying letters of administration to the public administrator.

The facts are stated in the opinion of the court.

*Nicol & Orr,* and *E. I. Jones,* for Appellant.

*James H. Budd,* and *J. E. Budd,* for Respondent.

McFARLAND, J. — Israel Sanborn died in San Joaquin County on January 27, 1892, and on February 3, 1892, V. M. Peyton filed in the superior court of said county a petition in which it was averred that said Sanborn left a will dated April 17, 1872, by which petitioner and one Severy were named as executors. It was further stated that Severy was incompetent; and petitioner prayed that the will be admitted to probate, and letters testamentary be issued to said Peyton. Due notice was given to the heirs, and no one interested in the estate appeared to contest the probate of said will. But on February 8, 1892, J. R. Clayes, who was public administrator of said county, filed in said court a petition for letters of administration of the estate of said Sanborn, in which he averred, among other things, that he "has no knowledge whether said will was ever signed or attested by said Sanborn, or any witnesses," that it "does not show upon its face that the same is any will or testament of said deceased," and that he "is advised and believes that the attestation, witnessing, or publication of said paper as a will cannot be shown"; and further, that no other will has been found, and that "to the best knowledge, information, and belief of said petitioner, said deceased died intestate." The two petitions were heard together; and the court made an order admitting the will to probate, and granting letters to the executor Peyton, and also another order denying the petition of the public administrator, Clayes. From these orders Clayes appeals.

At the trial Clayes offered evidence tending to show that Sanborn had made a later will which could not be found. To this evidence respondent objected, and it was admitted "with the privilege to move to strike it out"; and afterwards the court granted a motion of respondent to strike it out — which ruling is assigned by appellant as error. This evidence was properly stricken out; and if the court committed any error it was in listening at all to the petition of the public administrator before it had passed upon the probate of the will. The probate of a

will can be contested only upon " written grounds of opposition " filed by a "person interested"—that is, interested in the estate, and not in the mere fees of an administration thereof. (Secs. 1307–1312, Code Civ. Proc.) A public administrator has no interest in an estate, or in the probate of a will; that is a matter which concerns only those to whom the estate would otherwise go. In the *Estate of Parsons*, 65 Cal. 240, one, J. W. Parsons, had been appointed administrator, and afterwards a document was offered for probate as the will of the deceased. Parsons, as administrator, contested the probate, and afterwards charged the expenses of the contest in his account; but this court said: "This item is not a charge against the estate, it was the affair of the heirs, as such, to contest, if they wished, the probate of the document—not of the administrator." (See also *Roach v. Coffey*, 73 Cal. 281, and cases there cited.) If a public administrator could legally assume the character of a standing contestant of wills, notwithstanding the wishes of heirs and devisees, he would certainly enlarge the sphere of his activities; but the limitations of the statute do not allow such inflation.

Orders affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.