[S. F. No. 6592. Department One.—February 4, 1914.]

In the Matter of the Estate of ANTONIO C. ZOLLIKOFER, Deceased, NEAL POWER, Appellant, EUSTORJIO CALDERON, Respondent.

WILL—REVOCATION OF PROBATE—CONTESTANT MUST HAVE INTEREST.—A proceeding for revocation of probate of a will cannot be maintained by any person unless he is in some way interested in the will. If he is a legal heir of the deceased that constitutes a sufficient interest. But if he is not an heir he must show that he has some interest in the estate of the deceased which the will he attacks would jeopardize.

ID.—PROBATE OF WILL OF RESIDENT TESTATOR—ORIGINAL PROBATE MUST BE IN CALIFORNIA.—Where a testator, at the time of his death, was a resident of the state of California, his will must be proved originally as a domestic will in the county of his residence, and, so far as that state is concerned, it cannot be proved elsewhere and brought into that state for the purposes of secondary or ancillary administration.

ID.—FOREIGN PROBATE OF WILL OF RESIDENT TESTATOR—DENIAL OF PROBATE IN CALIFORNIA—ABSENCE OF EVIDENCE OF EXECUTION OF WILL.—A document offered for probate in the state of California as a foreign will, under sections 1322 to 1324 of the Code of Civil Procedure, must be denied probate therein, if the testator, at the time of his death, was a resident of that state, and there was no evidence given at the hearing to show the execution of the will other than the decree of the foreign court admitting it to probate, and no offer made to prove the execution of the will as an original document.

ID.—EVIDENTIARY EFFECT OF FOREIGN PROBATE—INTEREST IN ESTATE OF LEGATEE.—Such foreign probate affords no legal proof in this state of the existence of the will purporting to be probated, and does not show an interest in the estate of the decedent, on the part of a person whose only claim of interest was based upon a legacy under such purported will.

APPEALS from an order of the Superior Court of the City and County of San Francisco refusing to revoke the probate of a will, and from an order refusing the admission to probate of a copy of a will which had been probated in a foreign state. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Neal Power, *in pro. per.*, for Appellant.

Wm. M. Cannon, for Respondent.

SHAW, J.—On January 13, 1910, upon the petition of Eustorjio Calderon a certain document purporting to be dated October 31, 1907, was admitted to probate in the superior court of the city and county of San Francisco as the last will of Antonio C. Zollikofer, deceased, and letters testamentary thereon were granted to Eustorjio Calderon. On June 2, 1910, Neal Power filed in the superior court a petition for the revocation of said will and also a petition for the admission to probate of a copy of a will purporting to have been executed by Zollikofer in the Republic of Guatemala on April 23, 1905, together with a copy of an order of the third court of first instance of Guatemala purporting to be a decree probating said will. He asked that the same be admitted to probate as a foreign will under sections 1322 to 1324 of the Code of Civil Procedure. Zollikofer died on August 8, 1909, leaving property in San Francisco.

Calderon opposed both petitions of Power, a trial of the issues ensued, and on January 23, 1913, the court by separate orders denied each of said petitions. From these orders Power appeals.

The objection made to the will of October 31, 1907, is that it purports to be a holographic will and that it was not entirely in the handwriting of the testator. It was asserted that the only part of the date which was written by the hand of the testator were the words "October 31st" and "7" and that the figures "190" of the year date were printed. The objection appears to be supported by the following decisions: *Estate of Billings,* 64 Cal. 427, [1 Pac. 701]; *Estate of Plumel,* 151 Cal. 78, [121 Am. St. Rep. 100, 90 Pac. 192]; *Estate of Price,* 14 Cal. App. 462, [112 Pac. 482]; *Succession of Robertson,* 49 La. Ann. 868, 62 Am. St. Rep. 672, [21 South. 586]; *Estate of Noyes,* 40 Mont. 190, [20 Ann. Cas. 366, 26 L. R. A. (N. S.) 1145, 105 Pac. 1017]. But we find it unnecessary to determine whether or not the will of 1907 was subject to the objections here made. We are satisfied that the orders appealed from must be affirmed because of the fact that it was not shown that the appellant, Power, had any interest in the estate of Zollikofer.

It is well settled that a proceeding for revocation of probate of a will cannot be maintained by any person unless he is in some way interested in the will. If he is a legal heir

of the deceased that constitutes a sufficient interest. But if he is not an heir he must show that he has some interest in the estate of the deceased which the will he attacks would jeopardize. (*Estate of Land,* 166 Cal. 538, [137 Pac. 246]; *Estate of Edelman,* 148 Cal. 236, [113 Am. St. Rep. 231, 82 Pac. 962]; *Estate of Wickersham,* 153 Cal. 612, [96 Pac. 311].)

The court made findings in regard to the allegations of the petition for revocation declaring, among other things, that Zollikofer, at the time of his death, was a resident of San Francisco, California. The alleged will of 1905 was executed in Guatemala and the decree of probate thereof offered in proof of its execution was made in Guatemala. There was no evidence to show the execution of the will other than the aforesaid decree, nor was any offer made to prove the execution of the will as an original document. Under these circumstances, the court below could do nothing else than deny the probate of the foreign will. In *Estate of Clark,* 148 Cal. 108, [113 Am. St. Rep. 197, 7 Ann. Cas. 306, 1 L. R. A. (N. S.) 996, 82 Pac 760], this question was elaborately considered and the conclusion reached was "that the will of a resident of the state of California must be proved originally as a domestic will in the county of his residence, and that, so far as the state of California is concerned, it cannot be proved elsewhere and brought into this state for the purposes of secondary or ancillary administration." And in conclusion the court, after holding that an order admitting a will offered as a foreign will to probate is not void upon collateral attack for error either in proof of execution or residence, proceeds to say: "It must be taken, therefore, as settled in this state, upon the authority of the cases cited, that the probate of such wills is free from attack on these questions in collateral proceedings, but that upon the other hand it is the duty of the court in probate to do as the court here did, refuse probate to a will offered as a foreign will, if the court shall be satisfied from the evidence that the testator was in fact a resident of this state at the time of his death."

This decision is controlling in the present case. The finding that Zollikofer, at the time of his death, was a resident of San Francisco, is not attacked upon this appeal. Upon the order made after proof of the will of 1907 the record

shows that the court there found that he was a resident of San Francisco. The contestant introduced no evidence to the contrary. The finding that he was such resident therefore stands unimpeached. Consequently, it was the duty of the court to refuse probate on the record of the will of 1905 as exhibited in the probate proceedings in Guatemala.

The only claim which Power made to an interest in the estate of Zollikofer was under an assignment from one Juan Miguel Rubio to whom the alleged will of 1905 purported to bequeath a legacy of four thousand marks, German money. Inasmuch as there is no legal proof that such will existed, it follows that there is no proof that Rubio had such legacy and that Power failed to show any interest by reason of the assignment.

The orders appealed from are affirmed.

Angellotti, J., and Sloss, J., concurred.