STATE ex rel, RYAN, POLICE JUDGE, Relator v.
NORBY, MAYOR, et al, Respondents.

No. 8642

Submitted January 7, 1946. Decided January 27, 1946.

165 Pac. (2d) 302

284

Mr. George E. Hurd, of Great Falls, and Rankin & Acher, of Helena, for relator.

Mr. Charles Davidson, of Great Falls, for respondents.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

David J. Ryan was elected to the office of Police Judge of the city of Great Falls on April 2, 1945, to serve for a two-year term. He qualified and assumed the duties of his office on May 7th and continued in the office until November 14th.

On November 13, 1945, the city notified Mr. Ryan in writing that a final report of the State Examiner was filed with the city council on that date, which report "displays a shortage in your accounts as Police Judge in the sum of Three Hundred Twenty-Six and no/100 ($326.00) dollars," and that acting

under Chapter 179, Laws of 1939, the council "did declare the office of Police Judge of said City, vacant, and your right to said office forfeited, and did elect Volney J. Babcock, Sr. to fill said vacancy."

Relator thereupon brought this proceeding seeking a writ requiring respondents to annul, vacate and set aside the proceedings taken against him by the city council on November 13th.

He questions the validity of Chapter 179, Laws of 1939, on several grounds. That chapter in definite terms provides that upon filing a final, verified report by the State Examiner showing a shortage in accounts in an office, the right of the officer to the office "shall be forfeited, and such office shall thereupon become vacant."

The respondents did what the statute commands and hence the only question before us is, Is the statute valid?

Our Constitution empowers the legislative assembly to provide for police courts and magistrates. Section 24, Article VIII. This the legislature did. Sections 5087, 4995 and 4996, Revised Codes. Hence the office of police Judge, though recognized by the Constitution, is not a constitutional but a statutory office. A police judge is not a "judicial officer" as that term is used in section 17, Article V of our Constitution. State ex rel. Working v. Mayor, 43 Mont. 61, 114 Pac. 777. A police judge is subject to removal from office under section 18 of Article V of the Constitution, reading: "All officers not liable to impeachment shall be subject to removal for misconduct or malfeasance in office, in such manner as may be provided by law."

The removal here, if not for misconduct or malfeasance in office within the meaning of section 18, Article V of our Constitution, was at least for an alleged cause, which, if proven, might subject the incumbent of the office to criminal prosecution.

Relator contends that, since the attempted removal was for an alleged cause, he must be given notice and an opportunity to defend before he can be declared to forfeit the office and that the statute which denies him that right is invalid. There are

many cases throughout the country which have dealt with this question under facts varying in each particular case.

When considering the question of the necessity of notice and opportunity for hearing, the majority of the courts throughout the country which have considered the point hold that if the removal is for cause, notice and an opportunity to defend are essential. Some courts extend the holding to all offices for a fixed term, whether elective or appointive, while others confine the holding to an elective office for a fixed term. Nearly all courts, when dealing with an elective office, for a fixed term, as here, require notice and opportunity to defend before removal for cause will be upheld.

The United States Supreme Court has dealt with the subject. In Reagan v. United States, 182 U. S. 419, 21 S. Ct. 842, 845, 45 L. Ed. 1162, Chief Justice Fuller, speaking for the court, said: The inquiry is, therefore, whether there were any causes of removal prescribed by law March 1, 1895, or at the time of the removal. If there were then the rule would apply that where causes of removal are specified by Constitution or statute, as also where the term of office is for a fixed period, notice and hearing are essential.''

In the later case of Shurtleff v. United States, 189 U. S. 311, 23 S. Ct. 535, 536, 47 L. Ed. 828, the court was dealing with the office of general appraiser of merchandise created not by the Constitution but by act of Congress. The court, in discussing the point we are considering said: ''There is, of course, no doubt of the power of Congress to create such an office as is provided for in the above section. Under the provision that the officer might be removed from office at any time for inefficiency, neglect of duty, or malfeasance in office, we are of opinion that if the removal is sought to be made for those causes, or either of them, the officer is entitled to notice and a hearing.''

The court further pointed out that: ''Various state courts have also held that, where an officer may be removed for certain causes, he is entitled to notice and a hearing.'' It then cited numerous state court decisions so holding.

Since then, this court has so held in State ex rel. Nagle v. Sullivan, 98 Mont. 425, 40 Pac. (2d) 995, 99 A. L. R. 321, and State ex rel. Holt v. District Court, 103 Mont. 438, 63 Pac (2d) 1026. Both of these cases dealt with an appointive office and one of legislative creation but for a fixed term. A long list of cases supporting this view are listed in 99 A. L. R. pp. 354 to 363.

This court in State ex rel. Nagle v. Sullivan, supra [98 Mont. 425, 40 Pac. (2d) 998], said: "It follows, inevitably, that when a statute provides for an appointment for a definite term of office, without provision otherwise, or provides for removal 'for cause', without qualification, removal may be effected only after notice has been given to the officer of the charges made against him and he has been given an opportunity to be heard in his defense."

The statute involved in the Nagle case said nothing about notice and hearing but, nevertheless, the court said: "We do hold that whenever the charges on which the Executive proposes to act involve malfeasance, misfeasance, or nonfeasance in office, or directly reflect upon the official or personal integrity of the incumbent whom he proposes to remove, the statute requires notice and the opportunity to disprove, if possible, the charges made."

The courts do not point out the precise reason for the conclusion that notice and hearing are essential. Our Constitution, Section 27 of Article III, provides that "no person shall be deprived of life, liberty, or property without due process of law." Notice and the opportunity for a hearing are a part of due process of law. Application of O'Sullivan, 117 Mont. 295, 158 Pac. (2d) 306. But is the right to a public office either liberty or property within the meaning of Section 27, Article III? The courts have quite generally held that a public office is a public trust and not property within the meaning of the due process clause of the Federal Constitution, Amend. 14. The rule has always been opposed by strong dissenting opinion. See Taylor v. Beckham, 178 U. S. 548, 20 S. Ct. 1009, 44 L. Ed. 1187.

This court has followed the majority view in State ex rel.

Nagle v. Sullivan, supra, and State ex rel. Grant v. Eaton, 114 Mont. 199, 133 Pac. (2d) 588, and in other cases therein cited. Of course the right to a public office is not property or an estate that may be passed by will, inheritance or other transfer. It is a public trust. However, the incumbent of an office for a definite term carrying a fixed salary certainly has a property interest therein within the meaning of Section 27, Article III of our Constitution.

While, as above stated, most courts have held that a public office is not property, there is a growing tendency on the part of courts to recognize a property interest therein at least for certain purposes. Some courts refer to a public office as a species of property. 42 Am. Jur., Public Officers, sec. 9, note 15. Others hold that it is property for certain purposes and in certain types of cases.

Thus in 42 Am. Jur., section 9, page 887, it is said: "But it does not follow that he has absolutely no financial or property interest which may be protected by a court of equity against wrongful interference by others, or that he may be deprived of his office without a hearing when the right to have it terminate is limited to specified causes. The incumbent's right to the office is everywhere recognized as a privilege entitled to the protection of the law, and an office may be considered as property in controversy relating to the question as to which of two persons is entitled thereto."

Whatever the view may be elsewhere, the question is foreclosed in this state, by statute. Section 6663 provides: "The ownership of a thing is the right of one or more persons to possess and use it to the exclusion of others. In this code, the thing of which there may be ownership is called property."

And section 6664 provides: "There may be ownership of all inanimate things which are capable of appropriation or of manual delivery; of all domestic animals; of all obligations; of such products of labor or skill as the composition of an author, the good will of a business, trade-marks and signs, and of rights created or granted by statute."

The right of an elected public officer to possess and use an office and to exercise the privileges and rights therein to the exclusion of others until properly removed, certainly constitutes a property interest within the meaning of these sections.

A public officer has rights created and granted by statute and under section 6664 those rights constitute property.

Whether the federal Constitution guaranteeing due process has application here in view of the case of Snowden v. Hughes, 321 U. S. 1, 64 S. Ct. 397, 88 L. Ed. 497, we need not consider.

Chapter 179 so far as it declares an elective office for a fixed ▓ term vacant upon the mere filing of the report therein provided for without notice or hearing conflicts with Section 27 of Article III of the Constitution of Montana and is invalid.

Respondents contend that since Chapter 179 authorizes an ▓ action in quo warranto to test the accuracy of the report of the Examiner, relator is accorded opportunity for a hearing sufficient to meet the requirement. But this question, too, was ruled on adversely to this contention in State ex rel. Nagle v. Sullivan where the court said: "His attempt to justify the action is unavailing as an ex post facto showing of cause cannot cure failure to give the necessary notice of hearing on such charges (Board [of St. Com'rs of Hagerstown] v. Williams, 96 Md. 232, 53 Alt. 923) ; 'every condition precedent must be fulfilled to give validity to the act of removal' (23 Am. & Eng. Ency. of Law, 450.)"

The writ applied for will issue.

Mr. Chief Justice Johnson and Associate Justice Adair concur.

Mr. Justice Cheadle (concurring in result).

I concur in the result reached by the majority. I think that the cause for forfeiture prescribed by Chapter 179, Laws of 1939, is not necessarily "misconduct or malfeasance in office," and, therefore, that every protection of law and custom of the rights and reputation of a public officer should be afforded. While there is authority apparently to the contrary, I feel that the power to deprive an officer of his office for cause, means for proven cause, and that proven cause presupposes cause estab-

lished by hearing at which the officer is given opportunity to present facts to disprove the charges. Although here the relator is not accused of a criminal act, I feel that common fairness, in accordance with our traditional American system of justice, requires opportunity for a public officer to protect his good name and reputation. Chapter 179, if held valid, would deprive relator, and other public officers, of such opportunity.

This is not to say that the right to public office transcends the right of the public to an honest administration of that office, or that the right is such a property right as may not be forfeited for cause as the Constitution provides or the legislature has determined or may determine. If such cause exists here, laws in existence at the time of the passage of Chapter 179 are adequate to effect the result attempted, and to protect the public interest, as well as those of the relator.

Mr. Justice Morris (concurring specially).

I concur in the foregoing opinion of Mr. Justice Angstman wherein he holds that an elective public officer cannot be ousted without notice and an opportunity to be heard. I do not concur, however, in the holding that the right to an office is a property right. It is my view that the right vested in the office holder to defend his occupancy is that he may uphold the will of the electorate and exercise the public trust reposed in him until removed for cause.