STATE ex rel. HILL, Relator, v. DISTRICT COURT of
SECOND JUDICIAL DISTRICT, et al., Respondents.
No. 9110.
Submitted October 10, 1951. Decided April 11, 1952.
242 Pac. (2d) 850.

Mr. W. G. Gilbert, Mr. W. G. Gilbert, Jr., Dillon, Messrs. Poore & Poore, and Mr. Howard A. Johnson, all of Butte, for appellant.

Mr. T. F. McFadden, Dillon, Mr. H. D. Carmichael, Mr. J. F. Emigh, Butte, for respondent.

Mr. Robert A. Poore, Mr. Johnson, Mr. McFadden and Mr. Emigh argued orally.

MR. JUSTICE FREEBOURN:

This is a contest between George U. Hill, cashier of the First National Bank of Butte, and J. W. Rees, cashier of the First National Bank of Dillon, to determine which shall be executor of the last will and testament of Anna Huber Thompson, deceased.

The will was made on July 21, 1937, naming Hill as executor. Three codicils were executed. The second codicil, dated November 8, 1947, named Hill as executor, with the proviso that if he did not qualify Rees would be executor. The third codicil, dated July 26, 1949, named Rees the sole executor.

The testatrix died at Dillon, Beaverhead county, Montana, on February 3, 1951. In separate proceedings Hill and Rees filed for probate of decedent's will. The will filed by Rees included the three codicils, while the will filed by Hill included the first two codicils, but left out the last codicil naming Rees as sole executor.

Hill appeared contesting and opposing Rees's petition for the probate of the will and three codicils on the ground that the testatrix was incompetent when she made the third and last codicil. The district judge of Beaverhead county being disqualified, the matters were transferred to Silver Bow county.

Rees's demurrer to Hill's written grounds of opposition to the probate of the will and codicils filed by Rees was sustained by the Silver Bow district court for the reason ''that said

George U. Hill is not a person interested in said estate, having the legal capacity to contest or oppose the probate" of the will.

Hill applied to this court for and was granted an alternative writ of mandate directing the Silver Bow county district court to set aside its ruling on the demurrer or show cause why the same should not be done. This matter, as well as the lower court's motion to quash the writ, were argued thereafter in this court.

That part of R. C. M. 1947, sec. 91-810, relevant here, provides: "* * * Any person interested may appear and contest the will. * * *"

In the case of In re Pepin's Estate, 53 Mont. 240, 163 Pac. 104, 105, this court, in construing this same statute, said: "It is an elementary proposition that the only persons authorized to contest or seek revocation of the probate of a will are those who, but for the will, would succeed in some degree to the decedent's estate. Rev. Codes, sec. 7407 [1907, now R. C. M. 1947, sec. 91-1101] ; State ex rel. Donovan v. Second Judicial District Court, 25 Mont. 355, 65 Pac. 120; Ingersoll v. Gourley, 72 Wash. 462, 130 Pac. 743; In re Wickersham's Estate, 153 Cal. 603, 96 Pac. 311; In re Zollikofer's Estate, 167 Cal. 196, 138 Pac. 995."

"It is well settled that a proceeding for revocation of probate of a will cannot be maintained by any person unless he is in some way interested in the will. If he is a legal heir of the deceased, that constitutes a sufficient interest. But, if he is not an heir, he must show that he has some interest in the estate of the deceased which the will he attacks would jeopardize." In re Zollikofer's Estate, 167 Cal. 196, 138 Pac. 995, 996.

"It is an elementary proposition that the only persons authorized to contest or seek revocation of the probate of a will are those who, but for the will, would succeed in some degree to the decedent's estate. That 'interest' which gives one standing to contest a will must be direct and pecuniary and such as to be affected by the probate of the will." 1 Bancroft's Probate Practice, 2d Ed., sec. 171, p. 416.

4

"Under statutes which permit the contest of wills by persons interested or claiming to be interested in the decedent's estate, the general rule is that a contestant must have some pecuniary or beneficial interest in the estate of the decedent that is detrimentally affected by the will. Although the right to maintain a will contest does not depend upon the extent or proportion of the contestant's share in the decedent's estate, or the amount of the detriment suffered by the contestant, it does depend upon the fact that the contestant may be deprived by the will of some interest of pecuniary value, worth, advantage, or use in the estate. The mere circumstance that a person may be interested in. the administration, distribution, or partition of an estate is not sufficient if he will not suffer any detriment from the will. As stated, an interest in the property of the estate detrimentally affected by the will is the foundation of the right to contest it." 57 Am. Jur., Wills, sec. 798, pp. 541, 542.

This prohibition extends to a codicil which makes no change in a testamentary provision of the will, but only makes a change in the executor.

In the case of In re Estate of Meredith, 275 Mich. 278, 266 N. W. 351, 355, as reported in 104 A. L. R. 348, it is said: "No one who has no pecuniary interest in the estate may contest the appointment of the executor and trustee named in the codicil. In re Norton's Appeal, 46 Conn. 527; In re Sanborn's Estate, 98 Cal. 103, 32 Pac. 865; In re Beeder's Estate, 10 Pa. 261; Shepard's Estate, 170 Pa. 323, 32 A. 1040; Cornwell v. Cornwell, 11 Humph. [30 Tenn.] 485; In re Hickman's Estate, 101 Cal. 609, 36 Pac. 118; Wynne, Ex'r, v. Spiers, 7 Humph. [26 Tenn.] 394; Bank of Tennessee v. Nelson, 3 Head [40 Tenn.] 634.

"It is only persons who might be injured by admitting the codicil * * * who may contest it. In re Coursen's Wills, sec. 798, pp. 541, 542.

"An interest in the property of the estate affected by the will is the foundation of the right to contest it. Brewer v. Barrett, 58 Md. 587; Johnston v. Willis, 147 Md. 237, 127 A. 862.

"The question involved here was before the court in Helfrich v. Yockel, 143 Md. 371, 122 A. 360, 361, 31 A. L. R. 323, where it is said: 'The exact question here presented, whether an executor whose appointment has been revoked by a subsequent will or by a codicil to the will by which he was appointed, can maintain caveat proceedings against the later will or the codicil revoking his appointment, when in the event of the annullment of the will or codicil the only benefit or advantage accruing to him therefrom would be the right to serve as executor and to receive in compensation for his services such commissions as might be allowed him, has never been before this court.'

"After discussing the case and the authorities, it is said: 'The right conferred upon the appellant by the will, as first executed, and withdrawn from him by the codicil, to serve as executor and to receive commissions for his services as executor when rendered by him, cannot, we think, be regarded as an interest in the property and estate of the testator entitling him to caveat the codicil.' See, also Johnston v. Willis, 147 Md. 237, 127 A. 862.

"* * * The persons named as executors and trustees by the testator have no such interest in the estate as to permit them to agree to submit the testamentary capacity of testator to a third person for determination. Their agreement could not bind those who have a pecuniary interest in the estate. * * * But, if we go behind the order and investigate the facts, then it appears the executors of the last will and testament of the deceased have no such interest in the estate as entitles them, or any of them, to contest the admission to probate of the codicil to the will of deceased."

In State ex rel. Eakins v. District Court, 34 Mont. 226, 229, 85 Pac. 1022, we held that a public administrator, who would be entitled to act and receive fees if there was no will, has no such interest as entitles him to object to the probate of a will.

In Re O'Brien's Estate, 13 Wash. (2d) 581, 126 Pac. (2d) 47, 52, the supreme court of Washington in a well-written opinion by Justice Driver points out that the only case wherein

it appears that it has been squarely held that executors nominated in a will could contest a later one, is In re Murphy's Estate, 1922, 153 Minn. 60, 189 N. W. 413. The Washington court, in part, said: "Some times it happens that a later will makes no change at all in the disposition of the testator's estate, but merely nominates a different executor. In such a case, why should the estate be burdened by will contest proceedings for the sole purpose of determining which of two rival claimants shall be permitted to act as executor?

"It is our conclusion that * * * the weight of authority and the better reasoning favor the rule that a will contest cannot be initiated by an executor named in a prior will."

Since, if there were no will, Hill would not succeed in some ▮ degree to the decedent's estate, he is not a person who may appear and contest the will.

The lower court, therefore, properly sustained Rees's demurrer.

For the reasons stated the motion of the respondent court to quash the alternative writ of mandate is granted.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICE METCALF, concur.

MR. JUSTICE ANGSTMAN (dissenting):

I think an executor named in a will has a sufficient interest in the estate to contest a subsequent codicil naming another as executor and making no other change in the will.

The grounds of contest here are not alone the incompetency of the testatrix but also that she was at the time acting under undue influence, and that the codicil was not executed and attested according to law.

Our statute, R. C. M. 1947, sec. 91-802, assumes that an executor named in a will is a person interested in the estate. It provides: "Any executor, devisee, or legatee named in any will or any other person interested in the estate, may, at any time after the death of the testator, petition the court having jurisdiction to have the will proved, whether the same be in writing, in

his possession or not, or is lost or destroyed, or beyond the jurisdiction of the state, or a nuncupative will.''

Authorities are not in agreement as to whether a person named in a will as executor is a person interested in the estate entitling him to contest a subsequent will or codicil naming another as executor and making no other change in the will.

The cases of Helfrich v. Yockel, 143 Md. 371, 122 A. 360, 31 A. L. R. 323, and In re O'Brien's Estate, 13 Wash. (2d) 581, 126 Pac. (2d) 47, are leading cases sustaining the action of the trial court.

Others taking the opposite view are: In re Murphy's Estate, 153 Minn. 60, 189 N. W. 413; Matter of Greeley's Will, 15 Abb. Pr., N. S., N. Y., 393. And see In re Browning's Will, 162 Misc. 244, 294 N. Y. S. 530; Webb v. Lohnes, 68 App. D. C. 310, 96 F. (2d) 582; In re Davis' Will, 182 N. Y. 468, 75 N. E. 530, and In re Langley's Estate, 140 Cal. 126, 73 Pac. 824. Authorities recognize a divergence of views on the subject. 57 Am. Jur., Wills, sec. 824, p. 554; 68 C. J., Wills, sec. 637, p. 906; note in 31 A. L. R. 328.

In re Pepin's Estate, 53 Mont. 240, 163 Pac. 104, 105, is relied on as sustaining the trial court's action. In that case this court said: ''It is an elementary proposition that the only persons authorized to contest or seek revocation of the probate of a will are those who, but for the will, would succeed in some degree to the decedent's estate. Rev. Codes, sec. 7407; [citing cases].'' That case is not controlling here. In that case the will contest, if successful, would have affected disposition of the property involved in the estate and nothing more. What the court said in that case is obviously correct when applied to the facts there involved. But here the contest does not affect the disposition of property under the will. The only issue between Hill and Rees is which of the two shall serve as executor. There is no contest of the will itself so far as it disposes of property. Hence we have a situation where, if Hill has not a sufficient interest in the estate to contest the last alleged codicil naming Rees as executor, there is no remedy

at all, contrary to R. C. M. 1947, sec. 49-115, providing that, "For every wrong there is a remedy."

Legatees and devisees may not contest the last codicil because their right of succession and devolution of property is not affected or impaired by the last codicil. In re Land's Estate, 166 Cal. 538, 137 Pac. 246; In re Anthony's Estate, 127 Cal. App. 186, 15 Pac. (2d) 531.

If the codicil may not be questioned upon the grounds here asserted, then it could not be even if the codicil were alleged to be a forgery. Without suggesting any wrongdoing in this case, it is sufficient to say that such a conclusion would permit a wrongdoer to take advantage of his own wrong, contrary to R. C. M. 1947, sec. 49-109. While there is authority to the contrary, I think the better reasoned cases support the view that a person named as executor in a will has a sufficient interest in the estate to contest a subsequent codicil naming another as executor and making no other change in the will, and this I think is the implication from section 91-802, supra.

The position of an executor is in some respects similar to that of a public officer. Both are trust relationships. Both are expected to give full value in services for the compensation received, a factor stressed in the O'Brien Case, 13 Wash. (2d) 581, 126 Pac. (2d) 47, as showing lack of pecuniary interest in the estate. But one claiming a public office has such a financial and property interest in the office as entitles him to be heard on the question as to which of two persons is entitled thereto. 42 Am. Jur., Public Officers, sec. 9, p. 888, note 9; 67 C. J. S., Officers, sec. 6, pp. 116, 117; State ex rel. Ryan v. Norby, 118 Mont. 283, 165 Pac. (2d) 302. The same reasoning applies to one named as executor in a will.

The suggestion made in the majority opinion that this conclusion invites expensive litigation at the expense of the estate is unwarranted in view of the holding of this court in the case of In re Ruane's Estate, 125 Mont., 204, 233 Pac. (2d) 400, 404, where we said: "It cannot be said in this case that the litigation which ensued to contest the right to administer the estate was

in anywise beneficial to the estate or its rightful beneficiaries. The court properly disallowed attorney's fees and expenses for conducting that litigation.''

Nor does the case of State ex rel. Eakins v. District Court, 34 Mont. 226, 85 Pac. 1022, support the statement made in the majority opinion. It does hold that the public administrator in that case did not have a sufficient interest in the estate to entitle him to object to the probate of the will. But the reason is obvious. Contrary to the statement made in the majority opinion he would not have been entitled to act as administrator and receive fees as such even if there had been no will. In that case there were surviving two minor sons, two adult sons and the wife of decedent. If the will were set aside the surviving wife, or some competent person whom she might have requested, and the two adult sons would all have been entitled to priority in appointment as administrator over the public administrator. R. C. M. 1947, sec. 91-1401. And since in that case the court had pending before it an application for letters and since there were known heirs, the situation did not warrant intervention by the public administrator under R. C. M. 1947, sec. 91-601.

The Eakins Case was clearly right but it has no application to the facts here involved and does not by analogy or otherwise support the view stated in the majority opinion.

I think the order of the district court sustaining the demurrer of Rees was erroneous and that the demurrer should have been overruled and the petition of Rees and the opposition thereto should have been heard and tried on the merits.

MR. JUSTICE BOTTOMLY:

I concur in the foregoing dissent of Mr. Justice Angstman.