BBUCKMANN, APPELLEE, *v.* SHAFFER, JR., ET AL., APPELLANTS.

(No. 8496—Decided November 24, 1958.)

*Messrs. Goodman & Goodman,* for appellee.
*Messrs. Peck, Shaffer & Williams,* for appellants.

MATTHEWS, J. This is an appeal in a proceeding to contest the will of Lena M. Bruckmann, deceased. By her will, after providing for the payment of debts and giving certain personal effects and household furnishings to her daughter, Doralena B. Felter, she gave all the rest of her estate to five of her six children, share and share alike. She explained that she omitted her son John C. Bruckmann from her benefaction because she had made gifts to him in her lifetime. She named William Bruckmann, one of her sons, and Doralena B. Felter, her daughter, as executors.

By her codicil, she revoked the appointment of William Bruckmann and Doralena B. Felter as executors, appointed Frank H. Shaffer, Jr., as executor in their stead, and expressly reaffirmed the will in all other respects.

After the will and codicil were admitted to probate, John C. Bruckmann filed this action to contest the will and codicil. All the heirs and devisees, including William Bruckmann and Doralena B. Felter, were made parties, as such, and Frank H. Shaffer, Jr., as the duly qualified and acting executor was also made a party. William Bruckmann and Doralena B. Felter were not made parties as executors.

The trial resulted in a verdict setting aside the will and codicil. There was no suggestion of a defect of parties at the trial. For the first time, on this appeal, it is contended that

William Bruckmann and Doralena B. Felter, as executors, were necessary parties, and that failure to make them parties prevented jurisdiction from attaching, and, that, therefore, the entire proceeding in the Common Pleas Court was, and is, null and void.

There is no doubt that in an action to contest a single document probated as a will, the person named therein as executor is a necessary party to the action. That is expressly required by Section 2741.02, Revised Code, by which it is provided that:

"All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action under Section 2741.01 of the Revised Code."

That section was a part of the comprehensive revision of judicial procedure enacted in 1878 (75 Ohio Laws, 781), and seems to have been a codification of the practice followed theretofore in the absence of any statute on the subject. See *Executors of Andrews* v. *His Administrators,* 7 Ohio St., 143, at page 151. And the cases are numerous that hold that it must appear either expressly or by necessary implication that the person so named is made a party defendant in his representative capacity, and not merely in some other capacity, such as heir, next of kin, legatee, or devisee.

But in the case at bar, it is clear that at the time this action was filed the only person recognized by the Probate Court as executor was, in fact, made a party. When the Probate Court admitted the codicil to probate, it recognized the validity of the revocation of the appointment of William Bruckmann and Doralena B. Felter, as executors, and, unless, and until the codicil was set aside, the only person who could administer the estate during the interval as the nominee of the decedent, was the person named therein, and when both will and codicil were declared not to be the will of Lena M. Bruckmann, it showed that those named in the first documents never became the executors at any time, either actual or potential.

While the probate of a will is not conclusive, on the other hand, it is not without effect. By Section 2741.05, Revised Code, the order of probate is prima facie evidence of the attestation,

execution, and validity of the will and codicil. Prima facie, therefore, at the commencement of this proceeding to contest this will, the designation of William Bruckmann and Doralena B. Felter had been revoked, and the testamentary intent stood as though they had never been mentioned. And, as a result of the verdict of the jury, it was never the intent of the testatrix that they should administer her estate as her nominees.

It should be said that before a person named in a will as executor has a standing in a court either as plaintiff or defendant, in the absence of waiver or estoppel, there must be an allegation by or against him and proof that he has been duly appointed and qualified. *Archdeacon, Admr.,* v. *Cincinnati Gas & Electric Co.,* 76 Ohio St., 97, 81 N. E., 152; 23 Ohio Jurisprudence (2d), 142, Section 585. Manifestly, William Bruckmann and Doralena B. Felter could not have made this allegation.

In the case referred to (*Executors of Andrews* v. *His Administrators, supra* [7 Ohio St., 143]), decided in 1857, the court held, as stated in the syllabus, that:

"An executor is not bound to assume the burden of the defense of a contest of the will by the heirs at law, but may properly throw the same upon the legatees or devisees."

And, notwithstanding the enactment of what is now Section 2741.02, Revised Code, in the meantime, the Supreme Court in *McCord* v. *McCord,* 104 Ohio St., 274, at page 280, 135 N. E., 548, quoted that syllabus with approval. In that case, it was held that the executor was not united in interest with the heirs or devisees, so as to make service upon him the commencement of the action against them.

It seems that the status of an administrator or executor in a will contest is peculiar to itself.

By Section 2741.04, Revised Code, it was enacted that:

"* * * When the jury finds that the writing produced is not the last will and testament or codicil of the testator, the trial court shall allow as part of the costs of administration such amounts to the fiduciary and to the attorneys defending such purported last will or purported codicil, as in the opinion of the trial court are reasonable compensation for the services rendered in such contest."

There is no provision requiring the fiduciary to defend a will or codicil, but if he elects to do so, this statute charges the estate with his costs including his attorney's fees. The fiduciary can throw the entire burden of defense upon the legatee or devisee without any reimbursement from the estate for his personal services in event the will or codicil is set aside. This, it seems to us, indicates that the Legislature did not intend by enacting Section 2741.02, Revised Code, to base its action on any thought that a duly qualified and acting administrator or executor was an "interested person" in the sense in which that phrase was used in the section. The fact that the Legislature thought it was necessary to expressly require that they be made parties to the will contest also seems to indicate that in its view they did not come within that category.

So we conclude that the question of whether persons named as executors in a will are necessary parties to a will contest when the testator has revoked their appointment by a codicil duly probated as a part of his last will, particularly where the codicil made no change in the dispositive provisions in the will, and the only purpose thereof was to change the executorship, is not whether they have the right in a representative capacity, but whether they come within the category of "interested persons." Based on the Ohio law, we find that they do not come within that category, notwithstanding there is no Ohio case on the subject. That question has been presented in other jurisdictions, having similar statutory provisions.

If the nominee in a revoked appointment is an "interested person," and, therefore, a necessary defendant in a will contest, then such person should have the right to institute an action to contest the codicil revoking his appointment. It is conceded that there is no Ohio case on this subject. It has been raised and discussed in several other jurisdictions. These cases are collected and analyzed in the annotation to the case of *State, ex rel. Hill,* v. *District Court,* 126 Mont., 1, 242 P. (2d), 850, 31 A. L. R. (2d), 749. The facts of that case are very similar to those of the case at bar. It was held, as stated in the syllabus, that:

"1. Under a statute permitting an interested person to * * * contest a will, the only persons authorized to contest * * *

the will are those who, but for the will, would succeed in some degree to decedent's estate, and such prohibition extends to a codicil which makes no change in a testamentary provision of will, but only makes a change in executor.

"2. A person named as executor in a will and in a codicil, but not named as executor in last codicil which named another person as executor, could not * * * contest petition for probate of will and codicils where such person would not succeed in some degree to estate of decedent if there was no will."

For these reasons, we are of the opinion that the Common Pleas Court had jurisdiction of this cause, and, as that was the only issue raised on this appeal, the judgment, declaring the will and codicil not to be the last will of Lena M. Bruckmann, deceased, is hereby affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and LONG, J., concur.