371 P.2d 354 (1962)
In the Matter of the ESTATE of George MARICICH, Deceased.
Ted KUBURICH, Petitioner and Appellant,
v.
Jerry POPOVICH, Executor of the Last Will and Testament of George Maricich, Deceased, and Milan Boryan, Defendants and Respondents.
No. 10367.
Supreme Court of Montana.
Submitted April 5, 1962.
Decided May 17, 1962.
Wm. R. Taylor and Kermit Daniels, Deer Lodge, Robert J. Boyd, Anaconda (argued orally), for appellant.
Emmet T. Walsh, Anaconda, for respondents.
JAMES T. HARRISON, Chief Justice.
This is an appeal from the District Court of the Third Judicial District, Deer Lodge County, from an order sustaining a demurrer to a petition for the revocation of probate of will and letters testamentary and dismissing the proceedings.
It appears that Ted Kuburich was named as executor and trustee under a will executed by George Maricich on September 19, 1956. Thereafter Maricich executed another will dated May 16, 1960, in which Jerry Popovich was named executor. There was no trust contained in the latter will. The latter will was admitted to probate on November 30, 1960, following the death of the testator.
On June 15, 1961, the will bearing date of September 19, 1956, was filed in the office of the clerk of the District Court and a petition for revocation of probate of will and letters testamentary was also filed.
On June 26, 1961, the executor and the devisee and legatee under the will admitted to probate filed a demurrer on the ground that the petitioner plaintiff did not have the legal capacity to contest the probate of the will, or petition the court to revoke the letters testamentary, in that his designation as the named executor and trustee under a prior will was not such an interest in the estate as to allow him to bring the proceeding.
On August 3, 1961, this demurrer was sustained and the proceedings ordered dismissed, and this appeal followed.
A motion to dismiss the appeal has been filed in this court containing two grounds. First, that the plaintiff failed to comply with the rules of this court in the preparation of his brief in that no specifications of error are set forth, and second, that the order appealed from is not an appealable order.
*355 As to the first ground, technically, under our rules, no specification of error, labeled as such, is set out. However, the question presented is set out so that no confusion exists as to the error relied upon on this appeal. The purpose of our rule requiring specifications of error is complied with, and although the better appellate practice is to carefully label the specifications as such, in this case no confusion exists since only one question is presented.
As to the second contention that the order is not appealable, we disagree with the respondents. The authorities cited in support of the motion on this ground are cases arising before section 93-8003, R.C.M. 1947, was amended by Chapter 41, Session Laws 1941, which inserted in the section the words "or refusing to revoke the probate thereof." In our opinion the order here is clearly an appealable order and the motion to dismiss the appeal is therefore denied upon the second ground.
The appellant initially raised two questions: (1) Can a named executor in a prior will maintain a will contest of a subsequently executed will? As to this point he concedes that this question has previously been before this court and decided adversely to his position in State ex rel. Hill v. District Court, 126 Mont. 1, 242 P.2d 850, 31 A.L.R.2d 749, and the matter is now stare decisis; and, (2) Can a named trustee in a prior will maintain a will contest of a subsequently executed will? We have not dealt with this question previously.
2 Page on Wills, § 613, at p. 163, makes this observation:
"One to whom property is devised or bequeathed as trustee represents the interests of those for whom he holds in trust; and not the interest of the heirs, next of kin, devisees and legatees of the testator. For this reason, such trustee has power to contest a subsequent will which deprives such beneficiaries of the gift which was made to them by the prior will."
In the case of Johnston v. Willis, 147 Md. 237, 127 A. 862, the court upheld the right of a trustee named in a prior will to contest a subsequently executed will. In its opinion the court stated:
"It appears then that a legatee or devisee under a prior will has, and an executor has not in Maryland sufficient interest in the testator's property to caveat a subsequent will, which lessens or destroys that interest. In which class shall a trustee under a prior will be placed? There is, according to the weight of authority a clear distinction between a trustee as that term is usually understood in the law, and an executor and administrator. * * *
"These authorities establish the difference which exists between a trustee, clothed with the title and charged with the management and control of the trust property, on the one hand, and an executor, with his limited rights and duties, on the other, the chief element of that difference is that the interest of the trustee in the trust property is held to be of a decidedly more substantial nature than is the interest of an executor in the property of his decedent." Emphasis supplied.
A similar matter was before the Supreme Court of Massachusetts in Reed v. Home National Bank, 297 Mass. 222, 8 N.E.2d 601, 112 A.L.R. 657, in which case the bank had been named as executor and trustee under an earlier will. While holding, as has Montana, that the bank as executor did not have sufficient capacity to maintain a will contest, yet in its capacity as trustee under the earlier will it could contest the latter will.
Our statute, section 91-1101, R.C.M. 1947, provides in part as follows:
"When a will has been admitted to probate, any person interested may, at any time within one year after such probate, contest the same or the validity of the will." Emphasis supplied.
Respondent contends that under our decision in State ex rel. Hill v. District Court, supra, it has been held that neither an executor nor trustee under a prior will has such an interest as to permit him to *356 institute an action of the type here under consideration. We have already stated that so far as an executor is concerned his contention is correct, but the matter of a trustee under a prior will was not involved in the Hill case and the following excerpt from this court's opinion indicates that in the situation here prevailing a trustee does have such a right, in view of the showing in the petition:
"It is well settled that a proceeding for revocation of probate of a will cannot be maintained by any person unless he is in some way interested in the will. If he is a legal heir of the deceased, that constitutes a sufficient interest. But, if he is not an heir, he must show that he has some interest in the estate of the deceased which the will he attacks would jeopardize." Emphasis supplied.
Respondent further contends that the Hill case cited Estate of Meredith, 275 Mich. 278, 266 N.W. 351, 104 A.L.R. 348, which held that a person designated as an executor or trustee under a prior will had no interest or standing which would permit him to contest a subsequent codicil. In considering this case it must be remembered that the interests of the beneficiaries of the trust were in no way affected. Under the will certain executors and trustees were named and under the codicil an additional executor and trustee was added. This situation does not prevail here where the trust arrangements in the prior will is entirely eliminated in the subsequent will.
It is therefore our view that the District Court was in error in sustaining the demurrer and dismissing the proceedings and the cause is remanded to the District Court with instructions to overrule the demurrer and further proceed in accordance with the applicable statutes and in conformity with this opinion.
In order to expedite this cause it would appear that the petitioner should file a petition for the probate of the prior will in order that all matters in connection with this estate might be heard at one and the same time. By this comment we in no way express any opinion as to the merits of either the latter or prior will.
It is so ordered.
ADAIR, DOYLE, CASTLES and JOHN C. HARRISON, JJ., concur.