No. 13087

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

In the Matter of the Estate of
ARTHUR N. FENDER

LOUIS HERDEGEN,

Appellant,

-vs-

WILLIS McKEON, Executor,

Respondent.

---

Appeal from: District Court of the Seventeenth Judicial District,
Honorable Thomas Dignan, Judge presiding.

Counsel of Record:

For Appellant:

Burns, Solem and Mackenzie, Chinook, Montana
William Solem argued, and Stuart C. Mackenzie
appeared, Chinook, Montana

For Respondent:

Granat and Cole, Malta, Montana
Stephen Granat argued, Malta, Montana

---

Submitted: September 24, 1975

Decided: OCT 17 1975

Filed: OCT 17 1975

Thomas J. Kearney
Clerk

No. 13088

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA ex rel LOUIS HERDEGEN,

Relator,

-vs-

DISTRICT COURT OF THE SEVENTEENTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF PHILLIPS AND THE HONORABLE
THOMAS DIGNAN, PRESIDING JUDGE THEREOF,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Burns, Solem & Mackenzie, Chinook, Montana
William M. Solem argued and Stuart C. Mackenzie
appeared, Chinook, Montana

For Respondents:

Granat and Cole, Malta, Montana
Stephen Granat argued, Malta, Montana

---

Submitted: September 24, 1975

Decided: OCT 17 1975

Filed:

*Thomas J. Kearney*
Clerk

PER CURIAM:

We are here considering two cases, both concerning the probate of the estate of Arthur N. Fender, deceased. No. 13087 is entitled "Louis Herdegen, Appellant v. Willis McKeon, Executor, Respondent" which is an appeal from the district court of Phillips County. No. 13088 is entitled "State of Montana ex rel. Louis Herdegen, Relator, vs. District Court of the Seventeenth Judicial District of the State of Montana, In and For the County of Phillips and the Honorable Thomas Dignan, Presiding Judge Thereof, Respondent", an original proceeding in mandamus concerning the probate of the will to require the district judge to honor an affidavit of disqualification and call in another judge and to stay the proceedings in district court cause No. 2790, Phillips County, pending in that court. This Court in Cause No. 13088 on July 18, 1975, issued this order:

> "Counsel was heard ex parte and thereafter an order was issued for an adversary hearing. At the hearing Executor McKeon appeared by brief and his counsel argued. Such hearing has been had, briefs filed by respective counsel who also argued, the district judge has filed a memorandum, the district court files examined, and the matter taken under advisement.
>
> "There are two estate proceedings entitled alike, one being cause 2789, the other 2790; we apply this order to both cases.
>
> "Having now considered the matters involved it appears that no purpose would be served by a recitation of the facts, the matter is on appeal and for now it is necessary to preserve the status quo as best that can be done and expedite the appeal proceedings so a final decision can be had. To this end the Court ORDERS:
>
> "1. The Court declines to issue a writ of mandate.
>
> "2. The affidavits of disqualification are ordered stricken. (Relator filed a notice of appeal and thereafter filed the affidavits of disqualification. Without extended discussion here this practice cannot be approved.)
>
> "3. Both cases heretofore referred to are consolidated on appeal for briefing and argument.

- 2 -

"4. Willis M. McKeon, as executor, is named and made a respondent in this proceeding.

"5. The district court is directed to enter an order suspending the executor's powers until the further order of the court.

"6. The district court, under the emergency power given in section 91A-3-614, R.C.M. 1947, shall appoint a special administrator whose powers shall be limited to conservation of the estate until final disposition of the appeal.

"7. Since Willis M. McKeon was named executor in the will admitted to probate but now under appeal, in accord with the intent of section 91A-3-615, R.C.M. 1947, the district court is directed to name him special administrator with limited powers.

"8. To expedite the appeal, since transcripts of the evidence presented at the hearing on admission of the alleged wills are available the time for briefing is shortened as follows:

a) Appellant's brief to be served and filed within 20 days from date of this order.

b) Respondent's brief to be served and filed within 20 days from service of appellant's brief.

c) Appellant's reply brief to then be served and filed within 7 days.

d) The cause will be set for argument on the September Calendar of this Court."

The matter involved here is a determination of whether the first will of Arthur N. Fender, executed on October 12, 1972 and naming Willis McKeon as executor, or the second will executed March 18, 1975, naming Louis Herdegen as executor, be admitted to probate. The record reveals these facts:

On March 25, 1975, Arthur N. Fender died at the ranch of his nephew Louis Herdegen. Herdegen is the only heir living in Montana and had helped look after his uncle during his last illness. On March 27, 1975, Herdegen filed a petition for the probate of a will executed by his uncle on March 18, 1975, requesting that he be named executor. This will was filed in the district court of the seventeenth judicial district, Phillips County and given cause No. 2789.

On the following day, March 28, 1975, Willis McKeon, an attorney in Malta, filed in the same court a petition for probate of will of A. N. Fender, executed on October 12, 1972, and requesting that he be appointed executor. That petition was given cause No. 2790. The two wills were identical as to the dispositive provisions, the only difference being the executor named.

Louis Herdegen filed objections to the probate of the will offered by Willis McKeon on the grounds that it was not the decedent's last will, decedent having executed a will subsequent to the one offered by McKeon. McKeon filed objections to the probate of the will offered by Herdegen on the grounds that decedent acted under duress, menace, fraud or undue influence at the time of the execution of the will and further upon the grounds that the instrument was not duly or properly executed and attested as required by the laws of Montana.

Thereafter Herdegen filed a motion to dismiss the purported contest of the will which he/was offering for probate on the grounds that McKeon was not a "person interested" within the meaning of section 91-810, R.C.M. 1947, and therefore lacked standing to contest such will. The district court never ruled on this motion, but proceeded to set both petitions for a hearing on May 12, 1975. Testimony was taken and briefs were filed. McKeon was allowed to attack the validity of the will offered by Herdegen. At the hearing testimony was taken from five witnesses, including McKeon, which was reduced to writing and made part of the court record.

On June 19, 1975, the district court judge issued an order denying the probate of the Last Will and Testament of Arthur N. Fender, offered by Herdegen and admitted the will offered by McKeon, dated October 12, 1972.

The trial court, after Herdegen appealed to this Court filed a memorandum directed to this Court for consideration in deciding the cause. The memorandum does not amount to findings and will not be considered.

- 4 -

Notices of appeal were filed June 23, 1975 of the order denying probate of the will offered by Herdegen, and the order admitting the will of October 12, 1972, to probate and appointment of Willis McKeon as executor.

Several issues were set forth and argued but we find the controlling issue to be the failure of the district court to rule on the Herdegen motion to dismiss on the basis of the fact Willis McKeon had no standing to appear and contest the will offered by Herdegen.

This issue was decided by this Court in Hill v. District Court, 126 Mont. 1, 4, 5, 242 P.2d 850. In Hill a will was executed naming Hill the executor. A second codicil named him executor, but under a third codicil to the will he was removed as executor and one J. W. Rees was named sole executor. Hill objected to and opposed Rees' petition for probate of the will and the third codicil, claiming that the testatrix was incompetent when she made the third codicil naming Rees executor. Rees demurred to Hill's objections and the demurrer was sustained for the reason that Hill was not a "person interested" in the estate having legal capacity to contest or oppose the probate. Hill appealed.

This Court in Hill cited with approval 57 Am.Jur., Wills, § 798, pp. 541, 542:

> "Under statutes which permit the contest of wills by persons interested or claiming to be interested in the decedent's estate, the general rule is that a contestant must have some pecuniary or beneficial interest in the estate of the decedent that is detrimentally affected by the will. Although the right to maintain a will contest does not depend upon the extent or proportion of the contestant's share in the decedent's estate, or the amount of the detriment suffered by the contestant, it does depend upon the fact that the contestant may be deprived by the will of some interest of pecuniary value, worth, advantage, or use in the estate. The mere circumstance that a person may be interested in the administration, distribution, or partition of an estate is not sufficient if he will not suffer any detriment from the will. As stated, an interest in the property of the estate detrimentally affected by the will is the foundation of the right to contest it."

Further in <u>Hill</u>, the Court cited In Re O'Brien's Estate, 13 Wash.2d 581, 126 P.2d 47, 52:

> "'Sometimes it happens that a later will makes no change at all in the disposition of the testator's estate, but merely nominates a different executor. In such a case, why should the estate be burdened by will contest proceedings for the sole purpose of determining which of the two rival claimants should be permitted to act as executor?
>
> "'<u>It is our conclusion that</u> * * * <u>the weight of authority and the better reasoning favor the rule that a will contest cannot be initiated by an executor named in a prior will.</u>'" (Emphasis supplied).

In conclusion the Court in <u>Hill</u>, stated:

> "Since if there were no will, Hill would not succeed in some degree to the decedent's estate, he is not a person who may appear and contest the will.
>
> "The lower court, therefore, properly sustained Rees's demurrer."

The issue was raised again in Estate of Maricich, 140 Mont. 319, 321, 371 P.2d 354. The Court stated:

> "The appellant initially raised two questions: (1) Can a named executor in a prior will maintain a will contest of a subsequently executed will? As to this point he concedes that this question has previously been before this court and decided adversely to his position in State ex rel. Hill v. District Court, 126 Mont. 1, 242 P. 2d 850, 31 A.L.R.2d 749, and the matter is now <u>stare decisis</u> * * *."

See also Estate of French, 137 Mont. 228, 351 P.2d 548.

It is clear that McKeon had no standing to appear and contest the Herdegen will and Herdegen's motion to dismiss should have been granted.

McKeon, in his brief, argues that he did not appear and contest the will offered by Herdegen but merely offered the earlier will for the court's consideration. We find no merit to this argument. The record clearly indicates:

1) There was a contest of the Herdegen will filed pursuant to section 91-901, R.C.M. 1947, in which a trial jury was demanded.

2) Questions of fact were raised regarding the attestation of the Herdegen will by the contest.

3) A properly filed motion to dismiss, together with supporting memorandums was filed, and not acted on.

4) McKeon was allowed to participate in the proceedings.

Regardless of what the May 12, 1975 hearing was called, it was in reality a will contest without proper procedures being followed. Herdegen was denied the right to have the issues raised by McKeon tried before a jury.

The order of the district court admitting to probate the Last Will and Testament of Arthur N. Fender, dated October 12, 1972, and appointing Willis M. McKeon, executor, is set aside and vacated, together with the memorandum of the district court covering reasons for not admitting the second will.

It is ordered that the Last Will and Testament of Arthur N. Fender, dated March 18, 1975, appointing Louis Herdegen, executor, be admitted to probate.

It is further ordered that the district court will hold a hearing to determine proper and reasonable charges for costs and fees.

_John Conway Harrison_

_Gene B. Daly_

_Frank I. Haswell_

_Wesley Castles_
Justices.

Mr. Chief Justice James T. Harrison took no part in this opinion.

- 7 -