## A. T. KELLISON, RESPONDENT, v. SCHOOL DISTRICT NO. 1, APPELLANT.

[Submitted September 22, 1897.   Decided September 27, 1897.]

### Teachers—Dismissal,  Waiver.

1. A Board of School Trustees cannot dismiss a school teacher without affording him an opportunity to be heard; but any error in such conduct is cured, when, at his request, a special meeting of the board is subsequently held, at which he appeared and a re-examination of the charges was had.
2. Where a School Board, after examination of charges preferred against a teacher, have dismissed him, they may subsequently reconsider the matter.
3. A school teacher, who has been employed by a Board of School Trustees for a definite period, and who has been dismissed for improper conduct, which sentence of dismissal is subsequently reversed, is entitled to recover the amount due him under his contract from the date of the reversal until the date fixed for the termination of his contract, but not for the time between the date of his dismissal and the date of the reconsideration thereof.

*Appeal from District Court, Cascade County.   C. H. Benton, Judge.*

ACTION by A. T. Kellison against School District No. 1, Cascade county.   Judgment for plaintiff, and defendant appeals.   Modified.

*Ransom Cooper*, for Appellant.

*Stanton & Stanton*, for Respondent.

Statement of the case by the justice delivering the opinion.

HUNT, J.—The plaintiff and respondent, Kellison, brought this action against the defendant and appellant to recover $488.75 damages alleged to have been sustained by reason of the wrongful acts of the board of school trustees of School District No. 1, Cascade county, in wrongfully suspending the plaintiff, in discontinuing his services as school teacher, and refusing to permit him to serve as such teacher in the aforesaid district according to an alleged contract whereby he was to teach for nine school months.

The answer of the school board denied that the plaintiff was under any contract, as alleged in his complaint, or that the plaintiff was wrongfully supended, and alleged that the plaintiff was guilty of grossly immoral conduct towards a female pupil of the school, and that such immoral conduct was a sufficient cause for the dismissal of plaintiff, and that he was so dismissed by the school board, and was paid for all his services rendered by him to the defendant.

It appears that the plaintiff was duly employed by the defendant on May 30, 1894, at a stated salary of $85 per month, to teach for the school year beginning September 3, 1894, and that the school year extended over a period of nine months. Plaintiff commenced his employment, but on December 1, 1894, at a regular meeting of the board of school trustees, a Mr. Andrews appeared, and orally preferred charges against the plaintiff for misconduct towards his daughter. It was moved that the board dismiss the plaintiff as teacher, and this motion was carried. This dismissal was made without notice to plaintiff, and upon the mere verbal statement of the complaining parent.

Upon December 4th, at a meeting of the school board, the plaintiff, Kellison, appeared by counsel, and asked that he be given a hearing on the charges against him. A special meeting was ordered held to investigate the matter, and the clerk was directed to notify the plaintiff and the complaining parent to be present at the hearing.

Upon December 8th a special meeting of the board was held. The board then examined the witnesses for and against Kellison, and, after the testimony had been looked over, final action on the matter was deferred until December 15th.

Upon December 15th, at a regular meeting of the board, the matter was again taken up, and further affidavits and statements were laid before the board. Counsel for the teacher and the board were present, and argued the matter, and thereupon the board balloted upon the guilt or innocence of plaintiff, Kellison. Of six votes cast by the trustees four ballots found him guilty and two not guilty.

Upon February 16th, at a regular meeting of the board, counsel for the dismissed teacher again appeared in behalf of his client, and asked the board to reconsider the action taken against Kellison, and accompanied this request with a petition signed by 29 patrons of the school, and by further petitions from scholars attending the school. The matter was discussed, and it was moved and carried that the resolution passed December 15, 1895, declaring the guilt of Kellison as to the charges under investigation, "be expunged from the record, and the decision reversed." Thereupon it was moved and carried "that as to the alleged charges brought by Mr. Andrews against Mr. A. T. Kellison December 1, 1894, for indecent proposals against Andrews' daughter, and tried by the board of school trustees of School District No. 1 on December 15, 1894, the trustees of School District No. 1, on February 16, 1895, reconsider the decision of December 15, 1894, and find A. T. Kellison innocent of said charges, and that the petitions presented by the patrons and scholars of the Boston and Great Falls addition be received and placed on file with the board of trustees of School District No. 1, Cascade county."

Section 1885, Fifth Division, Compiled Laws 1887, gave the board of trustees power, and made it their duty, "to employ and for sufficient cause dismiss teachers, mechanics and laborers, and to fix, alter, allow and order paid their salaries and compensation." It was, therefore, clearly the duty of the board to investigate the charges of immoral conduct made by the witness Andrews. They ought, of course, in common justice, to have given the teacher an opportunity to meet the charges before they dismissed him under them. But their conduct in dismissing him at once without first giving him a hearing is not very material in this case, inasmuch as the teacher soon afterwards appeared, and asked that he might be heard in answer to the charge, which request was granted, and subsequently he did appear and offer evidence in his own behalf. We think, therefore, that he waived the irregularities in the action of the board prior to the time when the in-

vestigation was had.   The investigation itself, as conducted at the meetings of December 8th and 15th, seems to have been fair.   Eight witnesses were examined, including the child against whom the teacher was said to have committed a wrong, her father, the plaintiff, the plaintiff's wife and others.   The testimony was considered, and final action deferred.

At a later meeting—December 15th—the board heard counsel, and considered additional evidence, and thereupon a majority voted that the teacher was guilty of the charges made.   This was a finding of the board that the teacher was guilty, and was a sufficient cause for his immediate dismissal; and we regard the action of the board at that time as a dismissal.   It is argued by the respondent that the board only meant to suspend, and not dismiss, him, but we do not think so..   There is no suggestion of suspension in the minutes of the board at the meetings when the charges were being inquired into, and we say without hesitation that if, upon a fair and impartial investigation into the conduct of a school teacher, he is found guilty of grossly immoral conduct towards a pupil of his school, it is the duty of the school board to dismiss him, and not to suspend him.   A school teacher's contract necessarily implies that he will perform his duties in a moral way.   When he ceases to so perform them, he violates the agreement, and the board of trustees should act.

When the board found Kellison guilty, his contract with the school district was at once terminated, and he ceased to be an employe.   The board of trustees, then, in the exercise of their discretion and authority, had a right to employ another teacher, and we infer from the record they did so.

On February 16, 1895, however, Kellison asked the board to reconsider its former action taken against him.   Kellison had a right to make this request, for, if an injustice had been done him by the finding of the board, what objection could there be to his appearance before the trustees to request a reconsideration of their action, to the end that he might prove himself guiltless, and demonstrate that he was the victim of grave injustice?

We believe that the board had a right to consider any additional evidence that he could bring before them which might go to establish his innocence and rehabilitate himself in their confidence and favor.    They heard him, believed him innocent, evidently, and then attempted to reverse their former decision by which he had been found guilty, by declaring him innocent, and ordering the resolution declaring him guilty to be expunged from the record.

We construe this action of the board on February 16th as an acknowledgment by them of the fact that there had been no real existing cause for the removal of Kellison as a teacher, and by the acknowledgment of the fact that there was no such cause for his removal Kellison was put in a position where he could enforce his contract with the school board from the date of such action by the board, or February 16, 1895, until the close of the school year for which he had been originally employed.    But we do not think that he could recover for any services rendered between the time that he was adjudged guilty, which was December 15th, and the time when the board made the last investigation, and concluded that its first decision was erroneous, because there is no proof that the original action of the board in finding him guilty on December 15th, was malicious or wanton, or that it was not justified by the evidence before the board at that time.    The board, therefore, upon the evidence then adduced, were justified in their dismissal of December 15th, but there was nothing to prevent the subsequent reversal of their finding of December 15th, if such reversal was justified by the facts before the board at such later meeting.    We must presume that the board acted in good faith at all of its meetings.

Our conclusion, therefore, is that the action of the board in dismissing the plaintiff on December 15th was justified by the evidence, and that their later action was equally proper in reconsidering the case, and that they were justified in finding him not guilty upon further showing, but that between the date of dismissal and the time of reconsideration Kellison stood as a teacher dismissed for sufficient cause.    The judgment of the

district court must therefore, be modified by reducing the amount of plaintiff's recovery to a sum to be estimated according to the views herein expressed. As so modified, the judgment will be affirmed.

*Remanded.*

Pemberton, C. J., concurs.