STATE OF MONTANA ex rel. BOYD OPHEIM, Relator and Respondent, v. THE STATE FISH AND GAME COMMISSION et al., Respondents and Appellants.

No. 9900.
Submitted February 3, 1958. Decided April 17, 1958.
323 Pac. (2d) 1116.

Forrest H. Anderson, Atty. Gen., C. W. Leaphart, Jr., Sp. Asst. Atty. Gen., for appellants.

C. W. Leaphart, Jr., Sp. Asst. Atty. Gen., argued orally for appellants.

Loble, Picotte & Hooks, Helena, Seth F. Bohart, Bozeman, for respondent.

Henry Loble, Helena, argued orally for respondent.

MR. CHIEF JUSTICE HARRISON:

Relator, respondent here, made application for a writ of mandate in the district court of Lewis and Clark County against the State Fish and Game Commission and its members. In the affidavit and application for the writ it is alleged that relator was employed by the State Fish and Game Commission as a fishery biologist in October 1950 and continued in such employment. On November 18, 1957, the Commission requested the relator to appear at their November meeting to be held on November 19, to attend a hearing concerning the matter of the dismissal of one of relator's former associates, likewise an employee of the Commission. The relator appeared before the Commission as ordered and at or about 5:30 p.m. on November 19, the Commission informed relator that he was discharged and dismissed from his employment effective December 4, 1957. No notice was given the relator that any charges against him would be heard at the meeting.

Thereafter relator was served with a notice, which read:

"Department of
"Fish and Game
"Helena, Montana
"December 13, 1957

"Notice is hereby given to Boyd Opheim and to his attor-

neys, Seth Bohart of Bozeman, Montana, and to Henry Loble of Loble, Picotte and Hooks of Helena, Montana

"Notice is hereby given that in accordance with provisions of Section 26-108, R.C.M. 1947, you and each of you are hereby advised that the hearing on the dismissal of Boyd Opheim is set for the 18th day of December 1957 at 10:00 a.m. in the Commission offices at Helena, Montana.

"C. W. Leaphart, Jr.

"Attorney for the Fish and

"Game Commission"

On December 18, the Commission convened, at which time and place the relator appeared specially by counsel who moved the Commission to vacate the hearing and objected to the jurisdiction of the Commission to hold any special meeting or hearing upon the ground that the relator had not been afforded adequate time to prepare a defense to the charges, if any, made against him; to subpoena witnesses, to subpoena and inspect records and documents or other pertinent evidence; that the hearing was not held at a duly and regularly called and constituted special meeting or regular meeting of the Commission; that prior to the service of the notice of hearing, and on December 12, 1957, the district court had issued an alternative writ of mandate and by virtue thereof the district court had assumed and had exclusive jurisdiction of all matters and things embraced in the notice and hearing; that no charges were ever filed against the relator prior to his dismissal; that the Commission had discharged the relator from his employment on November 19, 1957, and were without jurisdiction to review its own action in that regard; and that since no charges had been made against the relator there existed no jurisdiction in the Commission to hold any hearing respecting the discharge of the relator from his employment, and that the Commission was without jurisdiction to hold a hearing in the absence of a prior reinstatement of the relator to his employment, which had not been done.

That the Commission, following the hearing on December

18, and on the same day, officially confirmed the original action of discharging and dismissing relator from his employment.

Relator further alleged that the Commission after December 14, refused to allow him the salary and emoluments of his employment; that he had no remedy by appeal, no adequate remedy by an action for damages; and no plain, speedy or adequate remedy in the ordinary course of law.

An order for the issuance of an alternative writ of mandate, returnable January 20, 1958, was granted by the district court and such writ was issued. To the writ a motion to strike was filed by the Commission on January 7. A motion to quash was filed by the Commission on January 17, contending: (1) That it did not appear from the application or the writ that the relator was entitled to any relief by writ of mandate, or at all; (2) That the facts set forth in the application were not sufficient to authorize the issuance of the writ or to warrant the relief sought; and (3) That the alleged facts set forth in the application fail to show any duty specifically enjoined upon the Commission to perform.

On January 18, the motions to strike and quash were heard by the court. A portion of the motion to strike was granted; the motion to quash was denied.

On January 20, the return day, counsel for the Commission advised the court that it would not answer or show cause, but would stand upon the pleadings as they then existed. On motion of the relator the default of the Commission and its members was entered by the court and the hearing proceeded. At the conclusion thereof the matter was taken under advisement by the court and on January 27, judgment was entered adjudging that the acts of the Commission in discharging the relator were null, void and of no force and effect, and ordering the issuance of a peremptory writ of mandate directed to the Commission and its members ordering them to forthwith reinstate the relator to his former position and employment, and providing for attorneys' fees to be paid by

the Commission. From this judgment the Commission and its members appealed.

They contend error in the district court in (1) denying the motion to quash, and (2) entering judgment in favor of the relator.

As to the specifications of error, the Commission takes the ▮▮▮ view that the application does not set forth sufficient facts to authorize issuance of the writ of mandate. The motion to quash here performs the function of a general demurrer and brings the controversy before the court on the law. State ex rel. State Publishing Co. v. Hogan, 22 Mont. 384, 56 Pac. 818. That it admits only facts well-pleaded is likewise true, and thus upon the facts well-pleaded if the relator is entitled to relief the district court judgment must be sustained. Davis v. Park Securities Corp., 117 Mont. 393, 159 Pac. (2d) 323.

While the Commission makes several contentions in support of their specifications of error, it does not appear necessary to separately consider them since the principles of law controlling in this case, as hereinafter set forth, will afford an answer to them all.

R.C.M. 1947, section 93-9102, dealing with a writ of mandamus, provides:

"It may be issued by the supreme court or the district court, or any judge of the district court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; *or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.*" Emphasis supplied.

The italicized portion of the statute is applicable here.

Relator in his application set forth his claim to the use and enjoyment of a right to which he was entitled, being his em-

ployment, and that he had been unlawfully deprived thereof by the Commission.

In State ex rel. Dunn v. Ayers, 112 Mont. 120, 128, 113 Pac. (2d) 785, 789, 140 A.L.R. 1091, it appears that Dunn had been removed from his position as assistant superintendent of the state hospital at Warm Springs without a hearing and sought reinstatement by mandamus. In that opinion this court stated:

"There can be no question but that mandamus will lie for the relief sought. This court has recently passed on the question and no discussion of the point should be necessary. State ex rel. Keeney v. Ayers, 108 Mont. 547, 92 Pac. (2d) 306."

R.C.M. 1947, section 26-104, subd. (4), provides that the Commission "shall have power to discharge any appointee or employee of such commission for cause at any time." However, it is at once apparent from this section of our statute that such power of discharge must be "for cause." While the Commission contends that a distinction exists between officers and employees, insofar as the legal interpretation of "for cause" is concerned it would not matter whether the clause dealt with officers or employees, the same legal principle would apply.

The import of the words "for cause" was before this court in Kellison v. School District No. 1, 20 Mont. 153, 50 Pac. 421, the exact phraseology in that case being "for sufficient cause." The court at page 155 of 20 Mont., at page 422 of 50 Pac., stated: "It was, therefore, clearly the duty of the board to investigate the charges of immoral conduct made by the witness Andrews. They ought, of course, in common justice, to have given the teacher an opportunity to meet the charges before they dismissed him under them." It was unnecessary to go further in that case because the teacher requested a hearing, which was granted and at which he appeared and offered evidence in his behalf. The court held that thereby he waived the irregularities of the board prior thereto.

In State ex rel. Nagle v. Sullivan, 98 Mont. 425, 40 Pac. (2d) 995, 998, 99 A.L.R. 321, this court again had occasion to deal with the phrase "for cause," and it was defined in the following language:

"This phrase 'for cause,' as used in this connection, means for reasons which the law and sound public policy recognize as sufficient warrant for removal [Citing cases.], that is 'legal cause' [Citing case.], and not merely a cause which the appointing power, in the exercise of discretion, may deem sufficient. [Citing case.] It follows, inevitably, that when a statute provides for an appointment for a definite term of office, without provision otherwise, or provides for removal 'for cause,' without qualification, removal may be effected only after notice has been given to the officer of the charges made against him and he has been given an opportunity to be heard in his defense. [Citing cases.] The rigorous application of the rule can only be evaded in such cases by an express grant of power to remove at will."

The principles expressed in this case are still the law in Montana, and they have been discussed or followed in the cases of State ex rel. Holt v. District Court, 103 Mont. 438, 63 Pac. (2d) 1026; State ex rel. Ryan v. Norby, 118 Mont. 283, 165 Pac. (2d) 302; State ex rel. Bonner v. District Court, 122 Mont. 464, 206 Pac. (2d) 166.

State ex rel. Nagle v. Sullivan, supra, is also authority for the principle that a discharge without a hearing cannot be cured by subsequent action of the dismissing authority, in that this court there stated at page 444 of 98 Mont., at page 1000 of 40 Pac. (2d):

"Defendant Baumgartner's pleadings offer to show that the Governor had ample cause for the removal of Sullivan and based his action thereon, which brings the case within the rule. His attempt to justify the action is unavailing as an *ex post facto* showing of cause cannot cure failure to give the necessary notice of hearing on such charges [Citing case.]; 'every condition precedent must be fulfilled to give validity

to the act of removal.' [Citing authority.]'' See also State ex rel. Howard v. Ireland, 114 Mont. 488, 138 Pac. (2d) 569.

Summarizing then, it is our view that the relator was entitled to have notice of the specific charges relied upon, and a hearing thereon at a time and place fixed therefore, of which he should have reasonable notice so that he may prepare to meet the charges; also, all of this should be done before and not after a summary dismissal. Clearly from the application herein relator was not granted such consideration by the Commission.

For the reasons hereinbefore stated the judgment of the district court is affirmed. Remittitur to issue forthwith.

MR. JUSTICES ANGSTMAN and ADAIR, and HON. W. R. FLACHSENHAR (sitting in place of MR. JUSTICE CASTLES) and JACK R. LOUCKS (sitting in place of MR. JUSTICE BOTTOMLY), District Judges, concur.