No. 13131

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

BOARD OF TRUSTEES OF SCHOOL
DISTRICT NO. 9, GLACIER COUNTY,
MONTANA,

                Petitioner, and Respondent.

    -vs -

THE SUPERINTENDENT OF PUBLIC
INSTRUCTION OF THE STATE OF
MONTANA AND GRANT R. GALLUP,

                Respondent and Appellant.

---

Appeal from:  District Court of the First Judicial District,
              Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        M. F. Hennessey argued, Butte, Montana

    For Respondent:

        Richard Gillespie argued and Ross Cannon argued,
        Helena, Montana

---

                                Submitted:  October 22, 1976

                                Decided:  DEC 21 1976

Filed:  DEC 21 1976

_Thomas J. Kearney_
                                  Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This appeal is from a judgment of the district court, Lewis and Clark County, wherein the reinstatement of appellant Grant R. Gallup, as a teacher for the remainder of his 1973-74 contract, by the State Superintendent of Public Instruction was reversed.

In the spring of 1973, appellant had been employed as a teacher by respondent Board of Trustees, for nine consecutive years. At this time he was offered and he accepted a teaching contract for the 1973-74 school year.

On August 30 and 31, 1973 the school district conducted a pre-school orientation for new and returning teachers. Appellant attended the morning session on August 30, 1973 and both sessions August 31, 1973. He failed to attend the afternoon session August 30, 1973. On August 31, 1973, appellant was asked to explain his absence the previous day, he responded, and was then suspended. He later received this letter:

> "You are hereby notified of your suspension as an employee of School District No. 9, effective August 31, 1973, for failure to attend opening day school exercises on August 30, 1973, in violation of terms of your teaching contract.
>
> "The Board of Trustees will meet at 1:30 P.M. on Tuesday, September 4, 1973, in the school administration building, to consider further action on this matter.
>
> "You are hereby requested to attend the meeting and state your reasons for not attending opening day activities." (Emphasis added.)

Appellant attended the meeting and stated he was ill on the afternoon of August 30, 1973. It was discovered the appellant worked elsewhere that particular afternoon. In addition to the absence specified in the letter, the Board also inquired into and considered the absences of appellant throughout the entire nine years of employment. Thereafter, the Board voted to dismiss appellant.

Appellant appealed to the County Superintendent of

Schools, and was reinstated, for the reason that a one-half day of absence was not considered an emergency or sick leave and did not justify dismissal, but a deduction of pay.

The Board then appealed to the State Superintendent of Public Instruction, whereupon the County Superintendent's decision was affirmed. The State Superintendent found the one-half day absence was de minimis, and the absences prior to appellant's 1973-74 contract could not be considered by the Board, and as such could not be part of the basis for dismissal.

The Board then appealed to the district court. The district court reversed the State Superintendent's decision, concluding that:

(a) The Board was entitled to consider appellant's absences occurring prior to his 1973-74 contract.

(b) When combined with consideration of such absences, the unexcused one-half day absence was legally sufficient to justify dismissal.

(c) The Superintendent of Public Instruction exceeded her authority in making her decision by incorrect application of law as to what the Board could consider in determining action to be taken on the one-half/unexcused day absence.

Appellant alleges these conclusions of the district court are in error.

Before discussing this issue, the instant case must be distinguished from a separate action between these same parties. In the other action, Gallup was terminated as a tenure teacher when the Board elected not to offer him a contract for the 1974-75 school year. That termination, pursuant to the tenure statutes, sections 75-6103, 75-6104, R.C.M. 1947, was affirmed by the State Superintendent of Public Instruction and, as far as the record presented discloses, has not been appealed by Gallup.

- 3 -

Therefore, the instant proceeding involves only the dismissal of appellant for the remainder of his 1973-74 contract, pursuant to section 75-6107, R.C.M. 1947, which states:

> "The trustees of any district may dismiss a teacher before the expiration of his employment contract for <u>immorality, unfitness, incompetence, or violation of the adopted policies of such trustees.</u> Any teacher who has been dismissed may in writing within ten (10) days appeal such dismissal to the county superintendent; following such appeal a hearing shall be held within ten (10) days. If the county superintendent, after a hearing, determines that the dismissal by the trustees was made <u>without good cause,</u> he shall order the trustees to reinstate such teacher and to compensate such teacher at his contract amount for the time lost during the pending of the appeal." (Emphasis added.)

It is apparent that dismissal of a teacher under section 75-6107, R.C.M. 1947, must be for one of the four specified causes, which is further qualified by the county superintendent's scope of review to amount to good cause. Although no method of procedure is set forth in the statute for the guidance of the school board, it is a well defined principle, in such circumstances where dismissal must be for good cause and regulated by statute, that one is entitled, in common justice, to an opportunity to meet the charges before being dismissed. Kellison v. School Dist. No. 1, 20 Mont. 153, 155, 50 P. 421; Howard v. Ireland, 114 Mont. 488, 138 P.2d 569; Opheim v. State Fish and Game Comm., 133 Mont. 362, 323 P.2d 1116; Wyatt v. School Dist. No. 104, 148 Mont. 83, 417 P.2d 221; 68 Am Jur 2d, Schools, § 185.

The opportunity to meet the charges before being dismissed under them necessarily includes notice of the charges against him, for without such notice this opportunity would be meaningless. The notice need not meet the formal requirements of a criminal indictment, however it must be sufficiently detailed to inform the teacher of the charges against him, so he is reasonably able to formulate a defense.

For these reasons we adopt the doctrine set forth in 68 Am Jur 2d, Schools, § 194, which states:

> "While school boards are not bound to strict conformity with court rules and practices, they must, nevertheless, observe the elementary and fundamental principles of judicial inquiry. And although a degree of informality may attend the administrative proceedings, <u>it must appear that the dismissal is based upon evidence supporting the specific charge or charges against the teacher and upon no other evidence</u>. * * *" (Emphasis added.)

As concluded by the State Superintendent of Public Instruction and the County Superintendent, this certainly was not the case with the Board's dismissal of appellant. The letter of notice sent by the Board most clearly refers to the one-half day unexcused absence as the sole reason for his dismissal, and informs him to appear and respond to that specific absence. However, when appellant presented himself at the hearing, he was also questioned and investigated as to instances occurring throughout the entire nine years of his employment. Appellant was not given proper notice of these additional charges. Therefore, the Board could not consider them nor make them a basis or a portion of the basis for appellant's dismissal.

The conclusions of law of the district court, previously set forth, are in error. Therefore, we reverse the district court's judgment and affirm that of the State Superintendent of Public Instruction reinstating appellant for the remainder of his 1973-74 teaching contract.

Chief Justice

- 5 -

We concur:

_Gene B. Daly_

_John Conway Harrison_

_Frank I. Haswell_

Justices

_L. C. Gulbrandson_

Hon. L. C. Gulbrandson, District
Judge, sitting in place of Mr.
Justice Wesley Castles.

- 6 -