MR. JUSTICE GULBRANDSON
delivered the Opinion of the Court.
This is an appeal from an order of the District Court of the Seventeenth Judicial District, in and for Valley County, Montana. The order reversed a decision of the State Superintendent of Public Instruction which allowed a tuition transfer for appellant. We affirm the order of the District Court denying the tuition transfer.
Beth M. Flynn (appellant) a resident of the Frazer School District, removed her child from the Frazer school to the Wolf Point school. She then requested the Frazer School Board to approve her tuition application pursuant to Section 20-5-302, MCA. The School Board reviewed her application, and based on policy and statutory considerations, rejected it.
Appellant appealed the decision to the Valley County Superintendent of Schools. By request of the parties, Dolores Hughes, County Superintendent of Phillips County, heard oral testimony and affirmed the School Board’s decision. A further appeal to the State Superintendent of'Public Instruction resulted in reversal of the decision denying tuition transfer. The Frazer School Board appealed to the District Court, which reversed the order of the State Superintendent of Public Instruction and reinstated the decision of the Frazer School Board, denying a tuition transfer. Appellant appeals from the decision of the District Court.
We are asked to determine whether the decision of the District Court complies with the Montana Administrative procedures Act, specifically Section 2-4-704, MCA, and Section 2-4-623, MCA, and whether the decision of the Valley County Superintendent of Schools is contrary to law. The first issue is dispositive, as it is the only issue within the scope of review of this Court.
The Montana Administrative Procedures Act (MAPA) permitting *301 “an aggrieved party [to] obtain review of a final judgment of a district court ... by appeal to the Supreme Court . . . “ set forth at Section 2-4-711, MCA, must be followed in this case. Yanzick v. School District #23 (1982), 196 Mont. 375, 383, 641 P.2d 431, 436. The appeal to the County Superintendent was in effect a trial de novo with witnesses and recorded evidence, while the appeal to the State Superintendent was based on the record.
The standard of review applicable to the District Court is set forth in Section 2-4-704, MCA, which reads in pertinent part:
“(1) The review shall be conducted by the court without a jury and shall be confined to the record . . . The court, upon request, shall hear oral argument and receive written briefs.
“(2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, . . . conclusions, or decisions are:
“(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;”
Under this section, neither the District Court nor the Superintendent of Public Instruction may substitute his judgment for that of the County Superintendent as to the weight of the evidence on questions of fact.
When considering whether the District Court erred in its review of the State Superintendent’s decision, we will not overturn the District Court unless we find its decision to be clearly erroneous. Rule 52(a), M.R.Civ.P. In this proceeding the District Court was not the trier of fact. We have here an appeal from a lower appellate tribunal, the State Superintendent of Public Instruction, which in turn based his conclusions on a review of the printed record, without the benefit of listening to and observing the demeanor, conduct, and testimony of witnesses. We will reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings and conclusions are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. See Yanzik, supra, 196 Mont, at 388, 641 P.2d at 439.
MAPA provides that the County Superintendent shall hear all controversies relating to tuition application and take testimony to determine the facts. Section 20-3-210, MCA. This procedure was fol *302 lowed. The statute also provides for an appeal of the decision of the County Superintendent to the State Superintendent of Public Instruction, who makes a decision based on the record. This procedure also was followed.
The standard of review for the State Superintendent is found in Rule 10.6.125, Administrative Rules of Montana, (ARM). The Superintendent of Public Instruction has incorporated by reference the Model Rules of the Attorney General for rule making procedure. Pursuant to that procedure, Rule 10.6.101, Scope of Rules, was adopted, and became effective in September, 1982. Subsection (e) says:
“All controversies arising under any other provision of Montana law or federal law for which a procedure for resolving controversies is not expressly prescribed shall be governed by these rules.”
Rule 10.6.125, ARM, sets out the standard of review for the State Superintendent. Subsection (4) of the Rule is virtually identical to Section 2-4-704(2), MCA.
“10.6.125 APPELLATE PROCEDURE-STANDARD OF REVIEW.
“(4) The state superintendent may not substitute his judgment for that of the county superintendent as to the weight of the evidence on questions of fact. The state superintendent may affirm the decision of the county superintendent or remand the case for further proceedings or refuse to accept the appeal on the grounds that the state superintendent fails to retain proper jurisdiction on the matter. The state superintendent may reverse or modify the decision if substantial rights of the Appellant have been prejudiced because the findings of fact, conclusions of law and order are:
“(a) in violation of constitutional or statutory provisions;
“(b) in excess of the statutory authority of the agency;
“(c) made upon unlawful procedure;
“(d) affected by other error of law;
“(e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record;
“(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; [or]
“(g) because findings of fact upon issues essential to the decision were not made although requested.”
The decision of the State Superintendent was appealed to the District Court. After reviewing the record the court determined that *303 in reaching a different result under the same set of facts the State Superintendent exceeded his authority by substituting his opinion for that of the Frazer School Board and the County Superintendent. We agree. After our review of the record, we conclude it contains substantial evidence supporting the County Superintendent’s findings of fact. The State Superintendent’s order includes findings which are not part of the record, or are irrelevant, or are conjectures or conclusions, rather than facts. Findings of the reviewing agency properly cannot be included as facts when they are not part of the findings below. It is irrelevant that the School District approved a tuition grant for another family who had a child in need of special education. The School Board has broad discretionary authority in this area pursuant to Section 20-5-302, MCA. Further, there is evidence on the record the Board exercised its discretionary authority according to the criteria found in Section 20-5-302, MCA.
The order of the State Superintendent of Public Instruction substitutes the Superintendent’s judgment for that of the Valley County Superintendent of Schools, in violation of Rule 10.6.125, ARM. The reviewing agency must confine itself to an analysis of whether the findings are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or are arbitrary or capricious or characterized by abuse of discretion.
The District Court in reviewing the order of the State Superintendent of Public Instruction is required to and did adhere to this standard. Thus, it did not err in finding the State Superintendent had exceeded his authority. Therefore the order of the District Court upholding the Frazer School denial of tuition transfer is affirmed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES MORRISON, HARRISON and WEBER concur.