No. 86-511

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

FRAZIER SCHOOL DISTRICT NO. 2,

        Appellant and Respondent,

   -vs-

LAYNE A. FORSNESS; ED ARGENBRIGHT,
Superintendent of Public Instruction;
ALFREDA DRABBS, Valley County Super-
intendent of Schools; and DELORES
HUGHES, Substitute Hearings Officer,

        Respondents and Appellants.

APPEAL FROM:  District Court of the Fourteenth Judicial District,
              In and for the County of Valley,
              The Honorable LeRoy McKinnon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John W. Larson, Office of Public Instruction, Helena,
        Montana
        Gallagher, Archambeault & Knierim; G. T. Archambeault,
        Glasgow, Montana

    For Respondent:

        James D. Rector, Glasgow, Montana

Submitted on Briefs: Feb. 13, 1987

Decided: March 31, 1987

Filed: **MAR 31 1987**

_Ethel M. Harrison_

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

This is an appeal from the September 29, 1986, order of the Seventeenth Judicial District Court reversing a decision of the State Superintendent of Public Instruction which allowed a tuition transfer for appellant Layne Forsness. We affirm.

Appellant is the father of an elementary student, Brandon Forsness. The Forsness family resides within the Frazer school district, but Mr. Forsness desires to have Brandon attend school in Wolf Point. Brandon's tuition application was granted by the Frazer School Board for 1983-84 permitting his attendance in Wolf Point. The following year, the School Board denied Brandon's tuition transfer request.

Mr. Forsness appealed the Board's decision to the Valley County Superintendent of Schools. Following hearing, the decision was affirmed by presiding hearings officer, Dolores Hughes, the Phillips County Superintendent of Schools. On appeal to the State Superintendent of Public Instruction, the decision was reversed. The Frazer School Board appealed the order of the State Superintendent to the District Court. The District Court reversed and reinstated the decision of the Frazer School Board denying a tuition transfer. Mr. Forsness appeals the District Court order and raises the following issues:

1. Whether the District Court complied with §§ 2-4-623 and 704, MCA?

2. Whether the decision of the County Superintendent violated the Montana Administrative Procedures Act and is contrary to law?

2

The case before us is a companion case to Frazer School District No. 2 v. Flynn (Mont. 1987), ___ P.2d ___, 44 St.Rep. 248. The issues are identical, and our holding in Flynn, supra, is dispositive of this appeal.

In Flynn, supra, we found that pursuant to Rule 10.6.125, Administrative Rules of Montana, the State Superintendent may not substitute his judgment for that of the County Superintendent as to the weight of the evidence on questions of fact. In the present case, we find the State Superintendent violated this provision and the District Court was correct in reinstating the decision of the County Superintendent.

The Frazer School Board has broad discretionary authority under § 20-5-302, MCA, to permit a tuition transfer. The Board denied Brandon Forsness' application. The County Superintendent considered all the evidence and found the Board properly exercised its discretion under § 20-5-302, MCA, in denying the Forsness application. The State Superintendent reversed, finding the Board's reasons for denying the application to be a change in the composition of the Frazer School Board and a change in the bus route. As in Flynn, supra, we find the State Superintendent exceeded his authority by substituting his opinion for that of the Frazer School Board and the County Superintendent.

The District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

3

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, dissenting:


Again I dissent, as I did in the companion case, Frazier School District No. 2 v. Flynn (Mont. 1987), 732 P.2d 409, 44 St.Rep. 248, and for the same reasons. Both of these decisions severely limit the statutory discretionary power lodged in the Superintendent of Public Instruction on matters of controversy appealed to the Superintendent under Section 20-3-107, MCA.

_John C. Sheehy_
Justice

I concur in the foregoing dissent.

_William E. Hunt_
Justice William E. Hunt, Sr.