No. 87-510

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

TRUSTEES OF LINCOLN COUNTY SCHOOL
DISTRICT NO. 13, EUREKA, MONTANA

　　　　Respondent and Appellant,

　-vs-

CARL R. HOLDEN, JR.,

　　　　Appellant and Respondent

---

APPEAL FROM:　District Court of the Fourth Judicial District
　　　　　　　In and for the County of Missoula
　　　　　　　The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

　　　For Appellant:

　　　　　Susan Loehn, County Attorney, Libby, Montana
　　　　　Richard P. Bartos, Office of Public Instruction,
　　　　　Helena, Montana

For Respondent:

　　　Robert S. Keller; Keller and German, Kalispell, Montana

---

　　　　　　　　Submitted on Briefs:　March 18, 1988

　　　　　　　　　Decided:　May 3, 1988

Filed: MAY 3 - 1988

*Ethel M. Harrison*

---
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Holden's teaching contract with the Appellant (School District) was terminated. He appealed administratively. Following administrative review, the District Court for the Fourth Judicial District, Missoula County, ordered the School District to pay Mr. Holden the salary due under his contract of employment. The School District appeals. We affirm.

The issues are:

1. Did the District Court err in finding that the County Superintendent's findings of fact and conclusions of law were not clearly erroneous?

2. Was there sufficient evidence to support the determination of the County Superintendent that the Board of Trustees did not have good cause to dismiss Mr. Holden?

Mr. Holden was employed by the School District, in Eureka, Montana, beginning in October 1983. In his first year, he taught music, chorus, and band for grades 3 through 12. Mr. Holden's formal evaluation, completed in April 1984, was marked satisfactory in all areas except rapport with students.

In the 1984-85 school year, Mr. Holden's contract was renewed and grades 1 and 2 were added to his teaching load. On October 2, 1984, Mr. Holden called a girl a "slob" in class because she was not paying attention and was slumped down in her chair. The elementary school principal and the superintendent met with Mr. Holden regarding this incident. In a letter of reprimand dated October 3, 1984, the superintendent informed Mr. Holden that another such incident of abuse would be grounds for dismissal.

Five days later, Mr. Holden made the comment, "move over, Goodyear," to a child or group standing in front of a

tape machine. The children reported the incident to the school administrators, as a comment directed to one child who was "heavy built." The superintendent and the elementary principal met again with Mr. Holden and gave him the option of resigning or being suspended until a hearing could be held on the charges against him. He also was informed that he had the right to be present at the hearing and to have counsel present. He did not attend the hearing, but submitted a letter to be read into the record. After hearing the evidence, the Board of Trustees voted to dismiss Mr. Holden.

Mr. Holden appealed to the Lincoln County Superintendent of Schools (County Superintendent), before whom a second hearing was held, pursuant to § 20-4-207(2), MCA (1983):

> Any teacher who has been dismissed may in writing within 10 days appeal such dismissal to the county superintendent. Following such appeal a hearing shall be held within 10 days. If the county superintendent, after a hearing, determines that the dismissal by the trustees was made without good cause, he shall order the trustees to reinstate such teacher and to compensate such teacher at his contract amount for the time lost during the pending of the appeal.

The County Superintendent concluded that the School District had failed to substantiate good cause for termination and to ensure Mr. Holden's due process rights. She ordered the School District to pay Mr. Holden the money to which he was entitled under his 1984-85 contract. The School District appealed to the State Superintendent of Public Instruction, who reversed the County Superintendent and affirmed the Board of Trustees' original decision. Then Mr. Holden appealed to District Court, which reversed the decision of the State Superintendent and ordered the School District to pay Mr. Holden his salary due under the 1984-85 contract. The School District appealed that decision to this Court.

3

I

Did the District Court err in finding that the County Superintendent's findings of fact and conclusions of law were not clearly erroneous?

The School District raises three separate arguments under this issue. It first argues that the County Superintendent was clearly in error when she ordered the School District to pay Mr. Holden the sums due to him under his 1984-85 contract. The County Superintendent made her decision in January 1985, and the School District asserts that she had no jurisdiction to award any judgment for contract amounts due beyond that date.

Mr. Holden does not dispute that the County Superintendent erred in awarding him his wages for the entire year. The District Court, too, concluded that the County Superintendent exceeded her authority. We order this award stricken from the County Superintendent's decision. However, the District Court pointed out that by the time it considered this matter, the school year had expired, so that the award of the full contract amount was appropriate. The District Court properly ordered that these monies be paid to Mr. Holden as damages.

The School District next argues that the County Superintendent improperly declined to make fact findings on an alleged incident in October 1983, despite the existence of evidence as to that event. In that incident, Mr. Holden apparently had said something to the third grade class which distressed them. Mr. Holden's personnel file contains no written evidence of this incident. The County Superintendent stated:

> Exactly what was said, to whom it was said, and the follow up discussion with the principal are vaguely and inconsistently presented in the testimony.

4

The School Board correctly points out that Mr. Holden was not given notice of the above incident as a reason for his termination. As a result, the incident could not properly be used as a reason for his dismissal. See Bd. of Trustees, Etc. v. Super. of Pub. Inst. (1977), 171 Mont. 323, 327, 557 P.2d 1048, 1050-51. The County Superintendent properly noted in her conclusions that she was limited to consideration of the evidence supporting the specific charges given as a reason for Mr. Holden's dismissal. We hold that it was not error to omit additional findings on the incident.

Third, the School District argues that the County Superintendent improperly discussed the issue of progressive discipline. This discussion appears under the heading "other due process considerations" in the County Superintendent's order and was not necessary to the determination of whether the School District had good cause for terminating Mr. Holden's contract. We hold that the discussion is not essential to the good cause determination by the County Superintendent and does not constitute clear error.

II

Was there sufficient evidence to support the determination of the County Superintendent that the Board of Trustees did not have good cause to dismiss Mr. Holden?

Under § 20-4-207, MCA, a school district may dismiss a teacher before his contract has expired "for immorality, unfitness, incompetence, or violation of the adopted policies of such trustees." The County Superintendent concluded that:

> Only 2 incidents of inappropriate language were deemed worthy of written documentation and clear directives for Mr. Holden. This does not seem to be a preponderance of evidence, nor sufficient cause for dismissal.
> The ability to maintain control and/or motivate students seems clearly to me to be a matter of

5

competence . . . Although sarcastic and cutting language is totally inappropriate in the classroom, it was not proven that Mr. Holden's language impaired his ability to "discharge the duties of his position."

Under § 20-4-207, MCA, neither the State Superintendent of Public Instruction nor the District Court may substitute its judgment for that of the County Superintendent on issues of fact. Frazer School Dist. No. 2 v. Flynn (Mont. 1987), 732 P.2d 409, 410, 44 St.Rep. 248, 250. The transcript used on appeal is from the hearing before the County Superintendent. Sections 20-3-107(2), MCA, and 20-3-210(3), MCA. Further, findings of the reviewing agency cannot be included as facts when they are not part of the County Superintendent's findings. Frazer, 732 P.2d at 411. The decision of the State Superintendent of Public Instruction includes a number of findings which were not part of the County Superintendent's findings. After reviewing the findings of the County Superintendent, we conclude that they are supported by substantial evidence in the record.

The District Court stated that the County Superintendent had the discretion to decide that the two incidents were not so serious as to merit dismissal of Mr. Holden. We agree. Without condoning the remarks Mr. Holden made to his students, we hold that it was not error for the County Superintendent to conclude that the two incidents were not good cause for Mr. Holden's dismissal.

Affirmed.

_____
Justice

We Concur:

_____

_____

William E. Hunt Sr.

John C. Shelley
                   Justices
_____